PEOPLE, PLAINTIFF AND APPELLEE, *v.* CINTRÓN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Violation of Section 263 of the Penal Code.

No. 1213.—Decided March 21, 1918.

ABANDONMENT OF MINORS.—Section 263 of the Penal Code was not repealed by Act No. 37 of 1915.

ID.—DEFINITION OF ABANDONMENT.—The meaning of "abandonment" as used in Act No. 37 of 1915 is somewhat different from its meaning in section 263 of the Penal Code. When a child is wilfully abandoned by its father

without lawful excuse, in the sense that the father fails to provide for its physical support, and its support is supplied by the efforts and sacrifices of its mother, the case is not covered by Act No. 37 but falls within the provisions of said section 263.

ID.—JURISDICTION.—The domicile of the children at the time or during the period complained of, and not that of the father, determines the jurisdiction in a prosecution for non-support of children.

ID.—ADULTERY—JUSTIFICATION.—The fact that the wife commits adultery is no justification of the abandonment of the children by the father, for his obligation is independent of the acts of the mother.

The facts are stated in the opinion.

*Mr. Enrique Campillo* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The pertinent part of the information filed in this case reads as follows:

"The said Juan Cintrón, being lawfully married to María Román who has borne him three children named Vicente, Luz and Amalia, of twelve, ten and five years of age respectively, without lawful excuse and for nearly six months has wilfully and unlawfully failed to provide for them the necessary food and clothing, the offense having been committed within the judicial district of San Juan."

The defendant pleaded not guilty, but after hearing the evidence the District Court of San Juan, Section 2, found him guilty and sentenced him to six months' imprisonment in jail with costs, from which he took the present appeal.

1. At the hearing on the appeal the appellant alleged that section 263 of the Penal Code had been repealed impliedly by Act No. 37 of 1915.

Section 263 forms a part of Chapter II, which treats of "Abandonment and Neglect of Children," and this chapter comes under Title XIII of the code which treats of "Crimes Against Public Decency and Good Morals."

Said section reads as follows:

"Sec. 263.—Every parent of any child who wilfully omits, without lawful excuse, to perform any duty imposed upon him by law, to furnish necessary food, clothing, shelter, or medical attendance for such child, is guilty of a misdemeanor."

Act No. 37 of 1915 was enacted "To establish a system of juvenile courts; to provide for the care of neglected and delinquent children; and to provide for the disposition of all cases of juvenile delinquency, and for other purposes," and one of its sections reads:

"Sec. 29.—The parents or any person responsible for the neglect of a child or contributing to such neglect, shall be guilty of misdemeanor and punishable by a fine not to exceed $100 or by imprisonment for a maximum term of thirty days or by both such fine and imprisonment.

"The inability of a person liable for the neglect of a child to support said child, shall constitute a circumstance exempting such person from said liability, whenever it is shown to the court before sentence is pronounced.

"The juvenile courts shall have exclusive jurisdiction in all such cases, which shall be tried in the same manner provided for the trial of misdemeanors in the municipal court; but if the act constitute a felony, the court shall report the same to the district *fiscal* for proper procedure, in accordance with the Code of Criminal Procedure."

There is no doubt that both Chapter 2 of Title XIII of the Penal Code and Act No. 37 of 1915 treat of the same matters, but it is also true that they may exist independently of each other.

In the Penal Code the legislators only define certain acts which constitute offenses and fix the punishment which should be imposed on the offenders, and Act No. 37 creates and establishes a complete system for the purpose of solving a social problem which deserves pre-eminent attention.

If we consider carefully the statutes referred to we shall see that the meaning of "neglect" as employed in Act No. 37 is not entirely equal to its meaning in section 263 of the code. When a child is wilfully neglected by its father without lawful excuse, in the sense that he fails to provide for its physical support, but is kept and sheltered within the home by the efforts and sacrifices of the mother, the case

does not fall within the purview of Act No. 37, but, nevertheless, comes within the provisions of section 263 of the code.

2. The appellant further alleges that the right of the District Court of San Juan to take jurisdiction of this case was not shown. We have already seen that the information alleges that the offense was committed within the judicial district of San Juan. The accused did not ask that the place should be stated with greater particularity. The trial was therefore begun and it was shown that María Román was living with her husband, the accused, in Cayey and that she left the home and took the three children with her because her husband illtreated her; that she had left her home in Cayey about five years before and for the last two years her husband had given her nothing; that she was living "at No. 12 Cristo Street." No objection was made to the jurisdiction of the court at the trial.

Under such circumstances we think that the defendant's contention can not be sustained. See the cases of *People* v. *Paris*, 25 P. R. R. 103, and *People* v. *Juncos Central Co.*, 24 P. R. R. 299. Cristo Street is one of the streets of the city of San Juan and as the children who were entitled to be supported by their father lived in that street, the offense was committed within the judicial district of San Juan.

"* * * the place where the children were and not where the father was at the time or during the time complained of fixes the venue of a prosecution for non-support of the children." 29 Cyc. 1678.

3. The appellant finally contends that the judgment is contrary to law. He admits that the information charges the commission of the offense defined and penalized by section 263 of the Penal Code, but maintains that the evidence shows that the accused supported his children while able and under obligation to do so and that consequently he committed no offense.

María Román, the wife, admitted that she had four children and that the defendant was not the father of her last

child.   She explains this as follows: "That she was a mother with her children living in the home of her sister; that her sister was in arrears in the rent of the house and did not have the money to pay it; that the witness really knew how to work, but it was hard to get work and her children were starving; that there was no one to give her a cent and she was tired of asking and receiving nothing; that believing that she would better her position, she committed a fault, which only made matters worse because the other man went away and left her with another child five months of age, but he was the guilty one."

Is the fact that the wife committed adultery a sufficient justification of the father's abandonment of his children? By no means.   His obligation is independent of the acts of the mother.   See the cases of *Bennefield* v. *State,* 80 Ga. 107, 4 S. E. 869, and *Moore* v. *State,* 1 Ga. App. 502, 57 S. E. 1016.

As to whether the defendant was able to support his children, we consider the evidence sufficient.

María Román, the wife, testified that her husband was a cigarmaker; that he had a shop in Cayey, and owned cattle, lands and a house.   That when she left him he sent her $15 monthly; then $10; that she received the last $5 about two years ago.   Vicenta Cintrón, a daughter of the accused and of María Román, a child of twelve years of age in the seventh grade at school, testified that her mother supported her, that her father "was a soldier and now owns a shop and a farm; that he sends her nothing; that she wrote him some letters, but he did not answer them; that she wrote asking him to send her something, but he did not reply."   The defendant admitted that he used to send $15 monthly to his wife, but said that she used to write him in an irritating way, saying that this amount was insufficient for her support.   He also testified that he did not have a shop, but had "a stand where he earned the support which he sent to his family."

The issue here is not whether the amount sent was or

was not commensurate with the income of the defendant and the needs of his children. What is sought to be ascertained is whether the defendant wilfully and without lawful excuse failed to comply with his duty to support his children.

As we have seen, the accused himself admits that he has a stand where he earns what he sends to his family. His testimony is not clear as to whether he continued to send the money after he received the complaints of his wife. But even construing his testimony in the sense that he did, it would be in conflict with that of his wife and daughter. And the testimony of the daughter clearly shows that the neglect was long and persistent.

Now, taking into consideration all the circumstances attending this case, it seems to us that the sentence of six months' imprisonment is too severe. Ten days' imprisonment is, we think, a sufficient punishment. If the accused persists in his attitude and a second charge is made against him, then the court would be justified in imposing a heavier sentence.

The judgment should be affirmed in so far as it finds the defendant guilty, but modified as indicated in regard to the sentence.

*Modified and affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.