Bennefield *vs.* The State of Georgia.

BENNEFIELD *vs.* THE STATE OF GEORGIA.

| 80 | 107 |
| 105 | 604 |
| 80 | 107 |
| 122 | 570 |

1. The gist of the offence of abandoning a child is the voluntary and wilful abandonment of it, leaving it dependent and destitute. The bad conduct of the mother will not excuse the father for leaving his child dependent and destitute. While a father may be unable to live in peace with the mother of his children, and may be compelled by her evil conduct to separate himself from her, the law compels him to support the children begotten of her, although, on account of the tender years of a child, in order to support it, it will be necessary to support the adulterous mother.

2. Where a husband voluntarily and wilfully separates from his wife in one county, and sends her and their child, by his agent, to another county, and his child thereby becomes dependent and destitute, he is indictable in the latter county for the abandonment of such child.

3. While the law would not compel a husband to live with an adulterous wife, and he would be justifiable in separating himself from her, still he would be bound to support his child; and if he sent his wife and child into another county and failed to provide for the child, either by sending to its mother or to some one else clothing and provisions for its use, the abandonment became voluntary and wilful, although he may have sought to retain it at the time of the separation. The child being only ten months old at the time of the separation and dependent upon its mother for food and nourishment, it would have been improper to have taken it

from her at that time.   He should have allowed it to go with her, and provided it with means of sustenance until it became of an age at which the law would have awarded it to him, if the mother were an improper custodian for it

January 9, 1888.

Criminal law.   Parent and child.   Husband and wife. Before Judge ADAMSON.   City court of Carrollton.   March term, 1887.

Reported in the decision.

WALKER & REESE, for plaintiff in error.

C. P. GORDON, solicitor, and W. F. BROWN, for the State.

SIMMONS, Justice.

Bennefield, the plaintiff in error, was accused in the city court of Carrollton with the offence of a misdemeanor, in that on the 1st of May, 1886, " he wilfully and voluntarily abandoned his child, Willie, a boy ten months old, and left him in a dependent and destitute condition."   He waived trial by jury and agreed to be tried by the judge. The judge, upon hearing the evidence in the case, found the defendant guilty; whereupon he made a motion for a new trial on the following grounds: 1st, because the court erred in ruling out the testimony of Alfred Hanna, to the effect that the cause of the defendant's separation from his wife was adulterous conduct on her part on the day of the separation and at divers other times before, and that knowledge of these facts came to the defendant; 2d, because the verdict and judgment of said judge is contrary to law; 3d, because it is contrary to the evidence.

1. The gist of this offence is the voluntary and wilful abandonment of the child and leaving it dependent and destitute.   The conduct of the mother is in no way involved on the trial of the father for this offence.   Her conduct may be ever so outrageous.   It may be so bad that

her husband cannot live with her; but the law will not excuse him for leaving his child dependent and destitute. This law was enacted with the wise purpose of compelling fathers to maintain and protect their offspring. While a father may be unable to live in peace with the mother of his children, and may be compelled by her evil conduct to separate himself from her, the law compels him to support the children begotten of her. It was argued in this case that, in order for him to support the child, on account of its tender age it would be necessary to support the adulterous mother; and that it would be wrong to force him to support a woman that had dishonored his bed. If it is true that, in order to preserve his child's life, it was necessary for him to support the mother for that purpose, then we think that under the law it was his duty to do so, however evil and outrageous her conduct may have been. It was a duty cast upon him by the law. Indeed, we know of no law which will exempt him from supporting even his wife, for a single act of bad conduct, until he frees himself from that obligation in the modes pointed out by the law. So we think that the fact proposed to be proved by the witness, Hanna, would throw no light upon the issue upon trial, and that the court did right in rejecting the evidence.

2. It is argued that the court found contrary to law because the separation of the husband and wife occurred in. Heard county, and therefore the court in Carroll county had no jurisdiction to try the case. The record discloses the fact that, while the separation between husband and wife took place in Heard county, the husband hired one Sheats to move his wife and child to her father's in Carroll county. The child, according to the evidence, was not dependent and destitute in Heard county, but became so only after it was left in Carroll county; and from the time of the separation up to the trial of the case, the husband had never contributed a cent towards the support and maintenance of the child.

We think that where a husband voluntarily and wilfully separates from his wife in one county and sends her by his agent to another county, and his children there become dependent and destitute, he is indictable in the latter county, because it was by his act that they were removed from one county to the other.   In this case, the husband's agent carried the child from Heard into Carroll. It was the same as if he had stood upon the county line between Heard and Carroll, and had pushed his child across the line into Carroll, and then left it dependent and destitute.   If the law were otherwise, it would be an easy matter for people who wish to get rid of their wives and offspring to send them to a different county, and leave them dependent and destitute in that county, and avoid indictment under this statute.   We, therefore, hold that the court in Carroll county had jurisdiction of this offence, under the facts disclosed by the record, and that the court committed no error in refusing a new trial on this ground.

3. It was urged in the 3d ground of the motion that the court found contrary to the evidence, because it was not shown that the abandonment was voluntary and wilful. We think there was sufficient evidence to authorize the finding upon this issue.   It is true that if the wife was guilty of the offence charged against her, the law would not compel the husband to live with her, and he would be justifiable in separating himself from her; but the law still compels him to support his child; and if he sends her away into another county and the child along with her, and fails to provide for it, either by sending to her or to some one else clothing and provisions for the use of the child, the abandonment becomes voluntary and wilful, although he may seek to retain the child at the time of the separation, as he claimed in his statement to the court was done in this case.   The child was only ten months old at the time of the separation, and was dependent upon the mother for its food and nourishment, and it would have been improper for him to have taken the child from the

mother at that time. It was his duty to let it go with her, and to provide it with means of sustenance until it became of an age at which the law would have given it to him, if the mother had been an improper custodian of the child.

Judgment affirmed.