80 111
104 854
105 604
80 111
123 507

### JEMMERSON *vs.* THE STATE OF GEORGIA.

In order to convict a father of the offence of abandoning his minor child, it must affirmatively appear that he wilfully and voluntarily abandoned it, leaving it in a dependent and destitute condition; and these acts must have occurred in this State. Where a father abandoned his child in the State of Alabama, and came to this State five or six years before the finding of an indictment against him, and the mother of the children subsequently moved into this State, bringing them with her in a dependent and destitute condition, and notified the father, and requested him to support them, which he refused to do, this did not authorize his conviction, unless he received them and recognized them in some way as his family after they had come into this State.

(a) The act of 1866 uses the conjunctive "and" in defining this offence to be the wilful and voluntary abandonment of a child by its father, leaving such child in a dependent and destitute condition; but by an error in codification the disjunctive "or" is used in §4373 of the code. The act should be followed in drawing indictments.

February 13, 1888.

Criminal law. Parent and child. Jurisdiction. Code. Before Judge SMITH. Muscogee superior court. May term, 1887.

Reported in the decision.

J. F. Pou, for plaintiff in error.

J. H. WORRILL, solicitor-general, for the State.

SIMMONS, Justice.

Calvin Jemmerson was indicted by the grand jury of Muscogee county at the November adjourned term, 1887,

for the offence of a misdemeanor, "for that the said Calvin Jemmerson, on the 10th day of February, 1887, in the county aforesaid, then and there did wilfully and voluntarily abandon his minor children, Eddie, Cook, Anna, Ella and Mary, leaving said children in a dependent and destitute condition." To this indictment he pleaded not guilty. On the trial of the case, the State introduced the wife of the defendant, and she testified "that about five or six years ago, she was living with Calvin Jemmerson in Russell county, Alabama; that without any cause, said Calvin left her and the children, being minors, one now sixteen, one fourteen, one ten, and one seven years old; that he left the children in Russell county and came to Columbus, Georgia; that he had not contributed anything to the support or maintenance of said minor children, though often solicited by her to do so; that the children, when left by said Calvin, were in a dependent or destitute condition, and they would have suffered but for her. own exertions in supporting them; that she had worked for them until she was no longer able to support them by her own labor; that about Christmas, 1886, she came to Columbus, Georgia, and brought the children with her, still being minors and dependent or destitute, and she at once, about 1st January, 1887, notified said Calvin of her removal and residence with the children in Columbus, Georgia, and asked him to support them; that he refused to do so, and said he would do nothing for them, and he did nothing for them until after the finding of the special presentment by the grand jury, and then very little, only the giving them a little clothing; that he never has furnished any money or provisions for his children; and that they are Calvin Jemmerson's children, and the witness is his wife."

Defendant's counsel requested the court to charge the jury that, "if the abandonment took place originally in the State of Alabama, defendant could not be convicted in Georgia, even though the mother moved with the minor children in a dependent or destitute condition into Mus-

cogee county, Georgia, and after said removal notified said Calvin of the same, and he still refused to support or maintain said children." This charge the court refused to give, but charged the jury that, "if the abandonment in the first instance was in the State of Alabama, and the mother of the children and wife of the accused moved during last year to Muscogee county, Georgia, and brought the children, and after being domiciled here notified Calvin. Jemmerson of the removal, and of the dependent or destitute condition of said children, and after that said Calvin Jemmerson failed and refused to support and maintain said children, he was guilty of abandoning said children in the county of Muscogee." Under the charge of the court, the jury returned a verdict of guilty, and the defendant was sentenced to a term of twelve months in the chain-gang; whereupon he filed his bill of exceptions, alleging as error the refusal to charge as requested, and the charge of the court as given.

We think the court erred in refusing to give the charge as requested by the plaintiff in error, and in giving the charge set out in the record. Before the State can convict of this offence, two things must affirmatively appear: (1) the wilful and voluntary abandonment of a child by its father; (2) the leaving of the child in a dependent and destitute condition. It is not only necessary that these two things should affirmatively appear, but it also must appear that they occurred in this State. It appears from the testimony in this case that the abandonment of the children took place in Alabama, five or six years before the finding of this indictment. That is one of the main ingredients of the offence charged; but of that part of the offence the courts of this State had no jurisdiction. And we do not think that the refusal of the father to support the children, when notified of their condition by the mother, in this State, subsequent to the abandonment in Alabama, and the removal of the mother to this State, would be such an abandonment as contemplated by the code

(§4373.). The abandonment is something more than "leaving them in a dependent and destitute condition." It means the forsaking and desertion of the children; the refusal of the father to live where they are domiciled, and to perform the duties of a parent to his offspring. If he abandons them in this manner in this State, and leaves them dependent and destitute, the offence is complete. If he abandons them in another State, and they subsequently come into this State and are dependent and destitute, the offence is not complete, although the father has knowledge of their condition, unless he had received them and recognized them in some way, as his family, after they had come into this State. We therefore hold that the court erred in not giving the charge as requested, and in giving the charge as set out in the record.

We desire to call attention of the profession to an error in the codification of this act. The act of 1866 uses the word *and* between dependent and destitute. The code uses the word *or*. This court decided in the case of *McDaniel vs. Campbell*, at the October term, 1886, that the act of 1866 should be followed in indictments under this section. 78 *Ga.* 188.

Judgment reversed.