BULL vs. THE STATE OF GEORGIA.

A father who within this State wilfully and voluntarily abandons his
child before it is born, and persists in the abandonment after-
wards, leaving it in a dependent and destitute condition, is guilty
of a misdemeanor under section 4373 of the code.

April 27, 1888.

Abandonment of children. Before Judge HINES. Eman-
uel superior court. November term, 1887.

R. J. Bull was tried in the county court of Emanuel
county for abandoning his child, was convicted, and carried
the case to the superior court by *certiorari*, which on the
hearing, was dismissed. It appears from the answer of
the judge of the county court, which was not traversed nor
excepted to, that Bull was married under pressure of pros-
ecution for seduction and bastardy; that he left his wife
the next day and has not lived with her since; that the
child was born three or four months after the marriage;
that he gave no assistance to his wife up to or during the
time of her confinement; and that she stated that she had
heard that he said he was willing to give her what she
needed, but he had not actually given her anything but a
piece of cloth and a pair of baby-shoes, and that was all she
had the chance to accept from him.

The error assigned in the petition for *certiorari* was that
the verdict and judgment of the county court were wrong
because the defendant's wife had no child when he left her,
and because the verdict was contrary to law and evidence.

The error assigned to this court is the dismissal of the *certiorari*.

WILLIAMS & BRANNEN, by brief, for plaintiff in error.

O. H. ROGERS, solicitor-general, and ALFRED HERRINGTON, county solicitor, by HARRISON & PEEPLES, for the State.

BLECKLEY, Chief Justice.

The statute under which Bull was convicted reads as follows: "If any father shall wilfully and voluntarily abandon his children, leaving them in a dependent and destitute condition, such father shall be guilty of a misdemeanor," etc. Code, §4373. "Coming events cast their shadows before," and Bull, seeing that he was soon to have a child born in lawful wedlock, commenced the act of abandonment immediately after the celebration of his nuptials. Had he not continued the act so as to complete it after the birth of the child, he would not have committed any offence, but as he did so continue it, and as the child was left by him in a dependent and destitute condition, according to the finding of the jury on his trial in the county court, he brought himself within the purview of the statute above quoted. All the ingredients of his offence had their rise and progress within the jurisdiction of this State, and thus his case is distinguished from that of *Jemmerson vs. The State*, decided at last term, (*ante*, 111,) in which the abandonment took place in Alabama, and the wife with the destitute children followed the faithless father into Georgia. In the present case, we have a domestic not a foreign family to deal with, and the father cannot beat the law by starting in the race of abandonment before instead of after the birth of the child. That a father begins to abandon his child some months before it is born, will not excuse him for persisting in the abandonment and failing to furnish it with the necessaries of life.

Judgment affirmed.