### 216.   MOORE *v.* THE STATE.

1. A trial judge must correctly and fairly present to the jury the contentions of the defendant if he attempts to state them, but he is not required to denominate reasons which would authorize a jury to acquit the defendant, and which, as matters of law, are fairly presented in his instructions to the jury, as contentions of the defendant.

2. This case is controlled by *Bull* v. *State,* 80 *Ga.* 704. "A father who within this State wilfully and voluntarily abandons his child before it is born, and persists in the abandonment afterwards, leaving it in a dependent and destitute condition, is guilty of a misdemeanor."

3. The conduct of the mother, or her refusal to live with the father, is no defense to a prosecution for abandonment of the child. The child is not responsible for such misconduct, nor to be abandoned by the father for that reason.

Accusation of abandonment of child, from city court of Dublin
—Judge Burch. January 21, 1907.

Submitted March 20,—Decided March 22, 1907.

*H. P. Howard,* for plaintiff in error.

*G. H. Williams, solicitor,* contra.

RUSSELL, J. The defendant in this case was prosecuted under
section 114 of the Penal Code, for abandoning his child, and was
convicted. The statute is as follows: "If any father shall wil-
fully and voluntarily abandon his child, leaving it in a dependent
and destitute condition, he shall be guilty of a misdemeanor."
The defendant complains that the verdict is contrary to law and
to the evidence, and that the court erred in not charging the jury
as to all of his contentions, the only ground of the motion for a
new trial, besides the general grounds, assigning error as follows:
"Because the court erred in stating the contentions of the defend-
ant, in this, to wit: the court charged the jury that 'the defend-
ant contends that while he admits the marriage to this woman,
this woman refused to live with him, and went away before the
child was born, and he has had no opportunity to support or take
care of the child, and that she has refused to permit him to take
her to his home and take care of her, and that it is her fault;' the
error in thus stating the contentions of the defendant being in
this, to wit: that while the defendant did contend as above charged,
he (the defendant) also contended that neither the child nor the
woman was left in a destitute and dependent condition; and that
this contention was sustained by the evidence; and the error of the
court was that the court limited the contentions of the defendant
to the one contention, whereas the defendant relied on the other
contention as well."

Where the judge attempts to present to the jury a contention of
the defendant, he must present it correctly and fairly, but he is not
required to enumerate the possible reasons which might au-
thorize the jury to acquit, and denominate them as contentions of
the defendant. The defendant's counsel, no doubt, insisted, that
defendant's child was not left in a destitute condition, and that
for that reason the defendant could not be convicted, and also
that it was the fault of the mother that he could not take care of
his child, because she refused to live with him. The trial judge

did not charge that the defendant *contended* that he did not leave the child in a destitute condition, nor was he required to class this phase of the case as a contention of the defendant; because the defendant did not say a word upon the subject in his statement. But, as appears from the charge as embodied in the record, the court properly instructed the jury that the evidence must satisfy them that the child was left, not only in a dependent, but in a destitute condition, before the defendant could be convicted. And this presented fairly to the jury the principle upon which defendant's counsel say he relied, and gave him the full benefit, even though the judge did not refer to it as a contention of defendant. The defendant should hardly be heard to complain of the charge which is quoted above. It was far more favorable than he was entitled to. While the father could, if he wished, live separately from his wife, or quit her altogether, for certain reasons, that has nothing whatever to do with the child, and in no way excuses him from his legal liability to care for his offspring. On the contrary, it is no defense, to a prosecution for abandonment of the child, that the mother has deserted the father, or even if she be guilty of the grossest immorality or unwifely conduct. The child is not responsible for, or to be abandoned because of, misconduct of the wife and mother.

We think the verdict is not contrary to law, and is fully supported by the evidence. This case is practically identical in its facts with *Bull* v. *State,* 80 *Ga.* 704, and is controlled by it. "A father who within this State wilfully and voluntarily abandons his child before it is born, and persists in the abandonment afterwards, leaving it in a dependent and destitute condition, is guilty of a misdemeanor." *Judgment affirmed.*