### 2493.   CLEVELAND v. THE STATE.

1. The sufficiency of the indictment is not to be brought in question by motion for a new trial.
2. In a prosecution under section 114 of the Penal Code of 1895, as amended by the act of 1907 (Acts of 1907, p. 57), the offense of abandoning one's child and leaving it in a dependent condition is consummated and, in the legal sense, committed in the county where the state of the child's dependency upon others begins on account of the withdrawal by the father of his presence and aid in the way of support.

Indictment for abandonment of child; from Floyd superior court—Judge Maddox.   February 5, 1910.

Argued March 22,—Decided April 6, 1910.

*George A. H. Harris & Son,* for plaintiff in error.

*John W. Bale, solicitor-general,* contra.

POWELL, J.   We will elaborate only the proposition announced in the second headnote.   The defendant put his wife and two minor children on the train at Gainesville and sent them to Floyd county, promising to join them in a short time.   He never fulfilled his promise, and never in any wise thereafter contributed to the support of the children, but left them in a state of dependency. He was indicted in Floyd county.   The point he makes is that he should have been indicted and tried in Hall county, in which Gainesville is located.

In *Bennefield* v. *State,* 80 *Ga.* 107 (4 S. E. 869), it was held that where a father sent his wife and minor child into another county and failed to provide for the child, so that it became dependent and destitute, venue was properly laid in the latter county. It is true that this decision was rendered under the statute before it was amended by the act of 1907; nevertheless, we think the case is controlling in principle.   Under the old law the crime was not complete until the father had abandoned his child, leaving it both dependent and destitute.   Under the law as amended, it is sufficient if he abandons it and leaves it dependent.   The state of dependency is defined, in the act mentioned above, thus: "All children thus abandoned by the father shall be considered to be in a dependent condition when said father does not furnish sufficient food and clothing for the needs of his said child."   There is nothing in the evidence to suggest that so long as the children remained in Hall county they were not properly cared for.   Their state of dependency did not arise until after they had been sent to Floyd

county by the father. For this reason his crime is to be considered as having been committed in the latter county. It was there it became complete, though one of the elements of the crime—his separation from his family—may have been contemplated and carried out in Hall county.

We are requested to certify the case to the Supreme Court, in order that counsel may ask that court to review and overrule the *Bennefield* case. We are satisfied with the correctness of that case, and therefore decline the request. See also *Brown* v. *State,* 122 *Ga.* 568 (50 S. E. 378). *Judgment affirmed.*