### 3733. PARRISH *v.* THE STATE.

1. The motion for a new trial in this case having been heard and determined prior to the passage of the act regulating practice in courts of review, approved August 21, 1911 (Acts 1911, page 149), and the brief of evidence failing to disclose in what county the alleged offense was committed, and failing thus to show that the trial court had jurisdiction of the case, a new trial should have been granted. *Mill v. State*, 1 *Ga. App.* 134 (57 S. E. 969) ; *Gosha* v. *State*, 56 *Ga.* 36.

2. There is no merit in the complaint as to the exclusion of the testimony in relation to the conduct of the wife, or her ill-treatment of her husband. The conduct of the child's mother, or her refusal to live with its father as her husband, is no defense to a prosecution for abandonment of the child. The father must support his child, whether it lives with him or with the mother; and if he desires the custody of the child, he must pursue his remedy to obtain its custody.

DECIDED APRIL 2, 1912.

Accusation of abandonment of child; from city court of Reidsville—Judge Collins. August 2, 1911.

*Way & Burkhalter,* for plaintiff in error.

*Robert E. DeLoach, solicitor*, contra.

RUSSELL, J. 1. In so far as all of the special exceptions are concerned, the trial seems to have been free from error. But prior to the passage of the act regulating practice in courts of review, approved August 21, 1911 (Acts 1911, page 149), the venue being a jurisdictional fact, and required to be proved by the State as a part of the general case, it was uniformly held that failure to prove venue could be reached by a general assignment that the verdict was contrary to law and evidence, or contrary to evidence; and in the present record there is no proof to show in what county the alleged offense was committed. There is evidence that at one time the mother and father of the child lived at Collins, and that at another period they lived about a mile from Collins, and at another time about a mile and a half from Collins, but there is no evidence that the home of either was in Tattnall county; and there is, therefore, no evidence that the wife, either at the time the hus-

band abandoned her before the child was born, or (what is more material) at the time that the child was born, after the husband had abandoned her, resided in Tattnall county. In *Smith* v. *State,* 2 *Ga. App.* 414 (58 S. E. 549), the writer referred to the rulings in the cases of *Moye* v. *State,* 65 *Ga.* 754, and *Cooper* v. *State,* 106 *Ga.* 120 (32 S. E. 23), and adverted to some other rulings of the Supreme Court upon the subject of venue, and suggested legislation which would correct such an anomaly as the court's knowing that the town of Collins is in Tattnall county, and yet not being permitted, in a criminal case, to use its knowledge, in the absence of proof. In the present case, however, even if the court were permitted to take judicial cognizance of the fact that Collins is in Tattnall county, it can not be assumed that the residence of the defendant's mother-in-law, which is some distance from Collins, is still in Tattnall county. In this respect the record bears remarkable similarity to that in the *Gosha* case, supra. At the last session of the General Assembly the suggestion of this court was adopted, and it is provided, by the second section of the act to regulate procedure and practice in courts of review (Acts of 1911, p. 150), that "no judgment of a trial court in a criminal case shall be reversed by either the Supreme Court or the Court of Appeals for lack of proof of venue, or of the time of the commission of the offense, save where the particular point has been specifically raised by a ground of the original or amended motion for a new trial." In other words, the point can not be raised in a court of review, unless it is insisted on in the trial court. However, the judgment overruling the motion for new trial in the present case was rendered on August 2, 1911, and for that reason our decision must be controlled by previous rulings of this court and of the Supreme Court, holding that where the brief of the evidence contains no proof of the venue, a judgment refusing a new trial is erroneous, for the reason that, the venue being a jurisdictional fact required to be proved as a part of the general case, failure to prove venue could be reached by a general assignment that the verdict was contrary to law and evidence.

2. A new trial is granted in this case solely upon the ground stated; for it is not disputed that the defendant is the father of the child, nor is it denied that he has not contributed anything towards its support. It does not matter whether the defendant was

driven from home by his father-in-law or not, or whether his wife threatened to poison him, or attempted to shoot him. Even if it is necessary for the defendant to leave his wife as a matter of self-preservation, this will not relieve him from the duty of providing for the support of the child. And this means the care of the child in the custody of its mother, wherever she may be, and even while living apart from her husband, so long as she has the custody of the child. If the father can not properly provide for his child at the place where the mother lives, or if she should keep it at some other place, or if he desires the personal care of the child, he may himself obtain the custody of the child (if he be a more suitable person to be entrusted with its custody than its mother), but the child must be supported by its father, whether its mother has its custody or not. It is true that the abandonment which is penalized by law is voluntary abandonment, and it must appear that the father willingly withholds support from the child, but support and custody are not necessary concomitants. The father must support the child whether it lives with him or not. He is not relieved from that duty even though he justly fears so greatly for his life that he dare not live with the child's mother. As was held in *Moore* v. *State*, 1 *Ga. App.* 502 (57 S. E. 1016): "The conduct of the mother, or her refusal to live with the father, is no defense to a prosecution for abandonment of the child. The child is not responsible for such misconduct, nor is it to be abandoned by the father for that reason. While the father could, if he wished, live separately from his wife, or quit her altogether, for certain reasons, that has nothing whatever to do with the child, and in no way excuses him from his legal liability to care for his offspring. On the contrary, it is no defense, to a prosecution for abandonment of the child, that the mother has deserted the father, or even if she be guilty of the grossest immorality or unwifely conduct." Under this ruling it was not error to exclude the testimony of the defendant's mother to the effect that the defendant's wife drew a gun upon him and threatened to shoot him, and would have done so but for the fact that the witness took the gun away from her; and, for the same reason, the testimony which was admitted to show threats, on the part of the wife and mother, to poison her husband, as well as the testimony that the defendant's father-in-law drove him from his home with a shot-gun, was irrelevant and immaterial. *Judgment reversed. Pottle, J., not presiding.*