### 19575.  NUNN *v.* THE STATE.

BLOODWORTH, J. Where a husband and his wife, while living in the State of Florida, separated, and later each moved into Emanuel county in this State, and lived there several months, during which time the father lived apart from his wife and children, and some of the children were minors and in a dependent condition, unable to support themselves, and the father contributed nothing to the support and maintenance of the minors and did not make any provision whatsoever for them, he would be guilty of a violation of section 116 of the Penal Code of 1910; and Emanuel county, in which the dependent minors lived at the time the accusation was sworn out, and in which they had lived for several months prior thereto, would have jurisdiction of the case. There is nothing in the record to show that prior to their arrival in Emanuel county the minors were not properly cared for. So far as the evidence shows, the state of dependency of the minors did not begin until after their arrival in Emanuel county. For that reason the crime is to be considered as having been committed in that county. *Fry* v. *State,* 36 *Ga. App.* 312 (136 S. E. 466); *Ware* v. *State,* 7 *Ga. App.* 797 (68 S. E. 443); *Boyd* v. *State,* 18 *Ga. App.* 623 (89 S. E. 1091); *Towns* v. *State,* 24 *Ga. App.* 265 (2) (100 S. E. 575). The facts of the case under consideration clearly differentiate it from *Jemmerson* v. *State,* 80 *Ga.* 111 (5 S. E. 131). See *Bull* v. *State,* 80 *Ga.* 704 (6 S. E. 178); *Sikes* v. *State,* 37 *Ga. App.* 164 (139 S. E. 87). The special grounds of the motion for a new trial show no cause for a reversal of the judgment, and the evidence supports the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 9, 1929. REHEARING DENIED MAY 14, 1929.

*T. N. Brown,* for plaintiff in error.
*R. H. Humphrey, solicitor, I. W. Rountree,* contra.