## 20465.  GARRETT v. THE STATE.

DECIDED JUNE 10, 1930.

Dorsey & Burtz, for plaintiff in error.

George D. Anderson, solicitor-general, A. J. Henderson, H. G. Vandiviere, contra.

LUKE, J.  The indictment in this case charges J. O. Garrett with abandoning his minor child, J. O. Garrett Jr., on January 15, 1927, in Cherokee county, Georgia.  He was convicted, and he excepts to the refusal of a new trial.

Counsel for the plaintiff in error insists "that the State failed to show venue in Cherokee county, Ga., and that, if this defendant ever abandoned his minor child at all, he did so in the State of Pennsylvania, and not in the State of Georgia."  Mrs. J. O. Garrett testified that she and the defendant married in the year 1917, and had two children, J. O. Garrett Jr., born in 1918, and Juanita, born in 1919; that her husband separated from her and the children on about January 3, 1927, in Philadelphia, Penn., and that about a week thereafter she came to Cherokee county, Georgia, with said children; that at the time of said separation the defendant left some money for the support of his children, and that she borrowed $25 on a sewing-machine belonging to her husband; that she did not know how much money her husband left for the children, but that

she had enough to pay railroad fare to Cherokee county and to last for a few weeks after she reached there; that after she arrived in said county, the defendant "sent $20 a month for a little while, off and on," but that this was not enough to support and maintain the children; that since June, 1928, he sent nothing; and that the defendant continued to remain apart from her and said children since said separation in Philadelphia.

Three pages of a letter written by the defendant to his wife before she left Philadelphia were introduced in evidence. In this letter he wrote that he was by himself and intended to remain so; that he was going to send money to his father for the support of the children; that he had left his wife with much more money than he had remaining, and that she could sell certain furniture for enough to carry her to Atlanta or anywhere she chose to go; that she could do what she pleased with two lots in Texas and Indiana; that Mrs. Garrett could keep his government insurance for the children; and that he would send money to "Forbes" to finish paying for Mrs. Garrett's coat. This letter concluded: "Please kiss the kiddies for me."

The defendant introduced no witness, and merely stated to the jury that he and his wife separated in January, 1926, in Philadelphia, Penn.; that he had lived for stated periods in named places, working at his trade as stonecutter; and that he returned to Georgia in December, 1928.

Was the venue of the crime in Cherokee county, Georgia? "If any father shall wilfully and voluntarily abandon his child, leaving it in a dependent condition, he shall be guilty of a misdemeanor. . . A child thus abandoned by the father shall be considered to be in a dependent condition when the father does not furnish sufficient food and clothing for the needs of the child." Penal Code (1910), § 116. Plaintiff in error relies mainly on the case of *Jemmerson* v. *State,* 80 *Ga.* 111 (5 S. E. 131). Under the facts of that case, the statutory offense of abandonment was entirely completed in the State of Alabama. The decision in the case of *Bennefield* v. *State,* 80 *Ga.* 107 (4 S. E. 869), was written by Justice Simmons a few months before he wrote the decision in the *Jemmerson* case. In the *Bennefield* case the separation occurred in Heard county, but the child did not become dependent until after its arrival in Carroll county. The court held that the venue of the

crime was in Carroll county. In the recent case of *Nunn* v. *State*, 39 *Ga. App.* 643 (148 S. E. 165), the husband separated from the wife and children in the State of Florida, and later moved to Emanuel county, Georgia. The wife and children also came to that county, but the husband lived apart from them. There was nothing in the record to show that prior to their arrival in Emanuel county the minors were not properly cared for. While in that county the father contributed nothing to the support and maintenance of his minor children, and they became dependent in the county. It was held that since the state of dependency of the minors did not begin until after their arrival in Emanuel county, the crime was to be considered as having been committed in that county. See also *Ware* v. *State*, 7 *Ga. App.* 797 (68 S. E. 443); *Boyd* v. *State*, 18 *Ga. App.* 623 (89 S. E. 1091); *Sikes* v. *State*, 37 *Ga. App.* 164 (139 S. E. 87).

While it clearly appears that in the case at bar the husband separated from his wife and minor children in the State of Pennsylvania, there was ample evidence to warrant the jury in concluding that the state of dependency of the children did not begin until after their arrival in Cherokee county. Therefore, under the cases cited, the superior court of that county had jurisdiction of the case, and there is no merit in the general grounds of the motion for a new trial.

The special grounds of the motion for a new trial disclose no reversible error, and for no reason assigned did the court err in overruling the motion.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*