## 20978. Sᴍɪᴛʜ v. Tʜᴇ Sᴛᴀᴛᴇ.

Bʀᴏʏʟᴇꜱ, C. J.   1. Any father who wilfully and voluntarily abandons his child before it is born, and persists in the abandonment afterwards, leaving it in a dependent condition, is guilty of a misdemeanor. *Bull* v. *State*, 80 *Ga.* 704 (6 S. E. 178); *Moore* v. *State*, 1 *Ga. App.* 502 (2) (57 S. E. 1016); Penal Code (1910), § 116; *Daniels* v. *State*, 8 *Ga. App.* 469 (69 S. E. 588).

2. In a prosecution against a father for the abandonment of his child, it is no valid defense to show that the father was less than seventeen years of age when he married the mother of the child. The offense of abandonment is complete when the father wilfully and voluntarily separates from the child and fails to supply its necessities (*Phelps* v. *State*, 10 *Ga. App.* 41, 72 S. E. 524), and the only legal defense is to prove that such separation never occurred, or that the father did not fail in supplying the child with the necessities of life, such as food, shelter, clothing, etc. See also, in this connection, 35 Cyc. 1335, 1386, where it is stated: "An infant may be guilty of seduction under promise of marriage, if he has reached the age of puberty, although his promise is not binding because of his infancy, and although he has not reached the age at which he can contract marriage." The case of *Morgan* v. *Morgan*, 148 *Ga.* 625 (97 S. E. 675, 4 A. L. R. 925), cited in the brief of counsel for the plaintiff in error, is distinguished by its particular facts from this case.

3. The verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error.

        *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

        Dᴇᴄɪᴅᴇᴅ Dᴇᴄᴇᴍʙᴇʀ 19, 1930.

*E. L. Stephens,* for plaintiff in error.
*Fred Kea, solicitor-general,* contra.