## 23682. BLACKWELL *v.* THE STATE.

DECIDED JANUARY 10, 1934.

*H. H. Anderson,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* contra.

GUERRY, J. Marvin Blackwell was indicted by the grand jurors of Murray county for abandonment "for that the said Marvin Blackwell on the 10th day of February, in the year 1931 . . did then and there unlawfully and with force and arms did wilfully and voluntarily abandon his minor child Jimmie Blackwell, age four years, leaving it in a dependent condition." Upon arraignment at the February term, 1932, of Murray superior court he filed a plea of former conviction,—"that at a former term of this court, to wit, February term, 1930, he entered a plea of guilty of the offense of abandonment, and paid fine and served sentence; . . that he has not since said sentence resumed his relations to his family or child." The following sentence of the court upon his former conviction was attached to the plea: "Whereupon, it is considered, sentenced, and adjudged by the court that Marvin Blackwell do pay within three days a fine of all the costs of this prosecution and serve 12 months in chain-gang and 6 months in the jail of said county, but said terms to be served outside, provided he pays $10.00 per month to his wife on 1st of each month hereafter for support of child, and pay $180.00 during said 18 months, two months in advance, and then be discharged; or in default of such payment that said defendant do work in the chain-gang on the public works, or in such other works as the lawful authorities may employ the chain-gang, for and during the term of 12 months chain-gang and 6 months jail, and then be discharged. . . Sentence pronounced

and signed this 22 day of March, 1930. C. C. Pittman, J. S. C. C. C." The court overruled the defendant's plea of former conviction and the case went to trial, whereupon he was convicted. The State did not deny the defendant's former conviction, but contended, inasmuch as the defendant voluntarily elected to contribute $10.00 per month to the support of the child for 18 months, rather than serve the time in confinement, that this was such a voluntary resumption of his parental obligation as to serve as the basis for a new prosecution.

Section 116 of the Penal Code under which the indictment in both instances was drawn provides that "If any father shall wilfully and voluntarily abandon his child, leaving it in a dependent condition, he shall be guilty of a misdemeanor." It is too well settled to require citation that to constitute the offense of abandonment, two material facts must appear: first, that the father wilfully and voluntarily abandoned the child; second, that the child is left in a dependent condition. In *Jemmerson* v. *State,* 80 *Ga.* 111 (5 S. E. 131), Simmons, J., held that both the act of desertion and the dependence of the child must occur in this State, and that if the father deserted the child in another State and the mother subsequently brought them into this State, where the child became in a dependent condition, he could not be indicted for the offense of abandonment in this State. He said: "The abandonment is something more than 'leaving them in a dependent and destitute condition.' It means the *forsaking and desertion* [italics ours] of the children; *the refusal of the father to live where they are domiciled* [italics ours] and to perform the duties of a parent to his offspring. If he abandons them in this manner in this State, and leaves them dependent and destitute, the offense is complete." In *Gay* v. *State,* 105 *Ga.* 599 (31 S. E. 569, 70 Am. St. R. 68), Cobb, J., laid down the proposition that where a father deserts his child, leaving it in a dependent condition, the offense is complete; and where the father is convicted for such offense he can not be again convicted, unless it be shown "that he has returned to the discharge of his parental duty to the child and has again *deserted it."* (Italics ours). In delivering the opinion of the court Mr. Justice Cobb's language settled the proposition now to be decided: "Applying to the word 'abandon,' as found in this statute, the meaning which is to be drawn from the definitions above given, it seems clear that, to

constitute the abandonment of a child by a father, *there must be an actual desertion* [italics ours] accompanied with an intention to entirely sever, so far as it is possible to do so, the parental relation, and throw off all obligations growing out of the same; . . The act of desertion and the attempt to throw off all parental obligation are necessary component parts of the offense. The continued refusal to provide for the support of the child after the actual desertion takes place is necessary to complete the offense, *but it alone is not an offense under the statute* [italics ours], . . but persistent refusal to provide for the support of the child will not constitute a *new offense unless it is accompanied by another act of desertion.*" (Italics ours.) In concluding his opinion he said : "Construing the statute in the light of these decisions, it seems to be settled that, to constitute the offense of abandonment, *there must be an actual desertion* [italics ours], followed by a refusal to support; *and that the absence of either would prevent the offense from being made out.* [Italics ours.] As, after a completed act of desertion, there can not be a new act of abandonment until a *return* [italics ours] to the discharge of the parental obligation, *there can be no new offense of abandonment until such return, followed by another act of desertion.*" (Italics ours.) See also *Phelps* v. *State,* 10 *Ga. App.* 41 (72 S. E. 524). It seems from these decisions that the contention of the State is not sound. *Actual desertion,* as well as dependence of the child, is a necessary component part of the offense, and where a father has once deserted his child, leaving it in a dependent condition, and has been convicted therefor, he can not again be convicted of that offense until he has *actually returned* to the child and assumed parental control and has again *deserted* the child. It follows that the mere contribution by the defendant, whether it be voluntary or involuntary, to the support of the child after his conviction of the offense would not constitute such a return to his parental duties as to be the basis of an actual desertion upon which another indictment may be drawn. If this rule works a seeming release of a parent from his punishment under the criminal statutes for a dereliction of his duty as a parent, it is a matter to be remedied by the legislature and not by the courts. The trial judge, therefore, erred in overruling the defendant's plea of former conviction. All other proceedings thereafter were consequently nugatory.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*