24976. YORK *v.* THE STATE.

Decided October 18, 1935.

*Linton S. James, Clifford M. James,* for plaintiff in error.
*A. S. Skelton, solicitor-general,* contra.

Broyles, C. J. 1. "If any father shall wilfully and voluntarily abandon his child, leaving it in a dependent condition, he shall be guilty of a misdemeanor. The wife shall be a competent witness, in such cases, to testify for or against her husband. A child thus abandoned by the father shall be considered to be in a dependent condition *when the father does not furnish sufficient food and clothing for the needs of the child.*" (Italics ours.) Code of 1933, § 74-9902. "The offense of abandoning one's child and leaving it in a dependent condition is consummated and, in the legal sense, committed *in the county where the state of the child's dependency upon others begins* on account of the withdrawal by the father of his presence and aid in the way of support." (Italics ours.) *Cleveland* v. *State,* 7 *Ga. App.* 622 (2) (67 S. E. 696); *Boyd* v. *State,* 18 *Ga. App.* 623 (89 S. E. 1091).

2. In the instant case the defendant was tried and convicted in the superior court of Franklin County for the alleged abandonment of his child in that county. The uncontroverted evidence disclosed that at the time of said abandonment he was living with his wife and child in Fulton County, and that he was not furnishing sufficient food and clothing for the needs of the child, the child's mother providing such necessities from her own meager funds. The undisputed evidence showed further that the mother, a few weeks after the abandonment and when her funds were almost exhausted, moved herself and child from Fulton County to her old home in Franklin County, she paying the expenses of such removal; and that subsequently the defendant never lived with his wife in Franklin County and never contributed anything to the support of the child. It follows from these facts and the foregoing rulings that the child's dependency upon others than its father began in Fulton County, and that the venue of the offense was in that county. Therefore the verdict of guilty rendered in the superior court of Franklin County was contrary to law.

3. Section 6-1609 of the Code of 1933, providing that "no judgment of a trial court in a criminal case shall be reversed by either the Supreme Court or the Court of Appeals for lack of proof of venue or of the time of the commission of the offense, save where the particular point has been specifically raised by a ground of the original or amended motion for a new trial," is not applicable to a case like the instant one, where the venue was clearly established by the evidence. The court erred in overruling the general grounds of the motion for a new trial.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*