25555. BROCK *v.* THE STATE.

DECIDED OCTOBER 23, 1936.

*Astor Merritt,* for plaintiff in error.

*Hal C. Hutchens, solicitor-general,* contra.

BROYLES, C. J. 1. "There are two elements in the offense of abandonment of child: (a) desertion, that is, the wilful forsaking and desertion of the duties of parenthood; (b) dependency, that is, leaving such child in a dependent condition. Both elements must be present to complete the offense." *Blackwell* v. *State,* 48 *Ga. App.* 221 (172 S. E. 670); *Brock* v. *State,* 51 *Ga. App.* 414, 418 (180 S. E. 644); *Jemmerson* v. *State,* 80 *Ga.* 111 (5 S. E. 131).

2. When the instant case was here before (51 *Ga. App.* 414, 180 S. E. 644), this court held: "In the case at bar the dependency was proved beyond question, and the evidence tends to show that it began in Douglas County; but, under the evidence and the defendant's statement, it was a jury question as to whether or not the other essential ingredient of the offense,—desertion,— was proved." On the trial now under review the evidence and the defendant's statement were substantially the same as on the former trial, and the foregoing holding of this court has become the law of the case; and the judge in his charge should have instructed the jury substantially as follows: "There are two elements in the offense of abandonment: (1) desertion of the child, that is, the wilful forsaking and desertion of the duties of parenthood; and (2) dependency of the child, that is, leaving the child in a dependent condition; and both of these elements must be present to complete the offense." And on the issue of desertion the court should have given, in substance, the following charge: "If you believe from the evidence that the defendant sent his wife away from his home, with her children (born and unborn), to her parents' home, with the intention of deserting the children, and that he afterwards wilfully failed to perform the duties of a parent, he would be guilty of deserting his children. Furthermore, if you should believe from the evidence that, although the defendant had no intention of deserting his children when he sent his wife away to Douglas County, if you should find he did so send her away, he so mistreated her in this county, at her parents' home, if you should find that he did so mistreat her, that she was afraid to return with her children to his home in Fulton County, and did not so return for that reason, he would be guilty of deserting his children in this [Douglas] county. But, on the contrary, if you should believe from the evidence or the defendant's statement that the wife voluntarily left her husband's home in Fulton County and took her children to the home of her parents in this county for the purpose of having her unborn child delivered there, and with the intention on her part of returning to her husband's home after her confinement, and that after the child was born her husband visited her and in good faith requested her to return with her children to his home, and he did not so mistreat her that she was afraid to go back and live with

him, and that without any sufficient reason she refused to return with her children to his home, the defendant would not be guilty of deserting his children in Douglas County, and should be acquitted of the offense charged." The failure of the court so to instruct the jury was error prejudicial to the defendant, and another hearing of the case becomes necessary.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*