25635. BEASLEY *v.* THE STATE.

DECIDED NOVEMBER 18, 1936.

*Robert B. Williamson,* for plaintiff in error.
*Joe L. Houston, solicitor,* contra.

PER CURIAM. The accused was convicted in Worth County of abandoning his minor children in that county. The undisputed evidence shows that the abandonment, if any, occurred in Mitchell County, and that the defendant did not send his wife and children into Worth County, but that the wife herself arranged for the removal into Worth County of herself and children, and that after such removal the defendant never, in Worth County, renewed his parental obligations to his children. There was no evidence to show that there were any exigencies of the wife's condition which required her to take the children from Mitchell County into Worth County. The fact that she might have been required or forced to leave their home, which was in Mitchell County, does not necessarily mean that she was required or forced to leave Mitchell County. See *Bennefield* v. *State*, 80 *Ga.* 107 (4 S. E. 869); *Cleveland* v. *State*, 7 *Ga. App.* 622 (57 S. E. 696); *Ware* v. *State*, 7 *Ga. App.* 797 (68 S. E. 443); *Gay* v. *State*, 105 *Ga.* 599 (31 S. E. 569, 70 Am. St. R. 68); *Brock* v. *State*, 51 *Ga. App.* 414 (180 S. E. 644); *Pickren* v. *State*, 52 *Ga. App.* 78 (182 S. E. 423). Under the evidence adduced, the venue of the offense was in Mitchell County, the courts of Worth County had no jurisdiction of the case, and the court erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur. Guerry, J., dissents.*

GUERRY, J., dissenting. I am unable to agree with the majority ruling in this case. The evidence was that Mrs. Beasley and her husband, the defendant, were living together in Mitchell County. They had four minor children. On August 1, 1934, they had some misunderstanding at breakfast. She testified: "He did not leave me, he run me off, . . and so he was beating me over the head and slapping me with his hand, and he grabbed a chair, and before he could get the chair in position to use it I had hold of it, and he said, 'I will get something that will get you,' and he ran back in the house and got his pistol and he came back with that, and when he went in the house after it I got out and started to run." She came back, and her husband beat her and slapped her again, and then cursed her and told her "Get out of my sight," and then beat her and cursed her again, and "the young ones were crying, and he ran them out of the house, and while he was running them out I got out with the baby. . . After this row with

my husband I come to Worth County and brought the children with me." She found a house in Worth County to move into, and her husband helped load the things on the truck that moved her. Since that time the defendant has not contributed to the support of the children. In *Blackwell* v. *State,* 48 *Ga. App.* 221 (172 S. E. 670), it was said: "There are two elements in the offense of abandonment of child: (a) desertion, that is, the willful forsaking and desertion of the duties of parenthood; (b) dependency, that is, leaving such child in a dependent condition. Both elements must be present to complete the offense." There can be no question that the element of desertion was present, whether committed in Worth or Mitchell County. In *Bennefield* v. *State* (supra), it was said: "Where a husband voluntarily and wilfully separates from his wife in one county, and sends her and their child, by his agent, to another county, and his child thereby becomes dependent and destitute, he is indictable in the latter county for the abandonment of such child." The conduct of the mother or her refusal to live with the father, under the circumstances of this case, is no defense to him for abandonment of his minor child. "The father must support the child whether it lives with him or with the mother." *Parrish* v. *State,* 10 *Ga. App.* 836 (2) (74 S. E. 445). The question arises in this case, where did the dependency begin? If it began in Mitchell County, the venue of the offense was in Mitchell County. If it began in Worth County, the venue was there. It was for the jury to say whether "the exigencies" of the situation, or the wife's condition, required her to carry the children to Worth County. There was no evidence that the children became dependent before they were carried to Worth County. See *Nunn* v. *State,* 39 *Ga. App.* 643 (148 S. E. 165). "Where a father forcibly and by threats of personal violence drives his wife, the mother of his infant child, from home, and the mother, because of the infancy of the child, it being a babe at her breast, is compelled to take the child with her and seek a home elsewhere, and the father abandons the child, leaving it dependent on the mother and others, his offense is complete, and proof of such facts fully warrants his conviction." *Daniels* v. *State,* 8 *Ga. App.* 469 (69 S. E. 588). In *Ware* v. *State,* 7 *Ga. App.* 797 (supra), it was said: "Where a husband voluntarily and wilfully separates from his wife in one county, and during this period of

separation the wife, because of such separation, is compelled to leave home and go to another county, and she takes their minor child with her and while living in the latter county the child first becomes dependent, the father is indictable in the latter county for the abandonment of the child; . . for in that county the condition of dependency first arises." See also *Boyd* v. *State*, 18 *Ga. App.* 623 (89 S. E. 1091) ; *Garrett* v. *State*, 41 *Ga. App.* 545 (153 S. E. 628). Under the facts as outlined, there was evidence from which the jury might have found that the exigencies of the situation warranted the action of the wife in moving into another county and carrying her children with her. I recognize that a wife may not arbitrarily carry her minor children away from the county of her husband's residence in order to fix the venue in some county of her own choosing, but the evidence in the present case does not show any such facts. It is possible that legislative action should fix definitely the venue in cases of this character and save many appeals which are taken. I am of the opinion that the venue was shown in Worth County.