DECIDED APRIL 22, 1940.

*Kelly & Hicks,* for plaintiff in error.

28250. BOWLING *v.* THE STATE.

BROYLES, C. J. 1. "There are two elements in the offense of abandonment of child: (*a*) desertion, that is, the wilful forsaking and desertion of the duties of parenthood; (*b*) dependency, that is, leaving such child in a dependent condition. Both elements must be present to complete the offense." *Blackwell* v. *State*, 48 *Ga. App.* 221 (172 S. E. 670); *Jemmerson* v. *State*, 80 *Ga.* 111 (5 S. E. 131).

2. The defendant was convicted of the offense of abandonment; and his motion for new trial was denied. The evidence shows that he and the mother of the child were married in October, 1934; that they were living in Alabama when they separated in April, 1935, and the wife returned to her father's home in Haralson County, Georgia, where the child was born in May, 1935. The wife testified that she left the defendant and moved back to Georgia, because "I wasn't going to stay with him in Alabama no longer. In one way he had given me cause to leave him; he wouldn't get out and leave his mother. His mother is very old. He has taken care of her. I just refused to live with him. . . I just got tired of staying in the house with my mother-in-law. We couldn't get along. . . I left of my own free will and accord, and he didn't send me away." Under the above-stated facts, it does not appear that the defendant deserted the child; and desertion being one of the necessary elements of the offense of abandonment, it follows that his conviction was unauthorized, and that the court erred in denying a new trial.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 22, 1940.

*Claude V. Driver,* for plaintiff in error.
*Hal C. Hutchens, solicitor-general,* contra.