32037. NELSON *v.* THE STATE.

Decided June 1, 1948.

*W. A. Dampier,* for plaintiff in error.

*W. W. Larsen Jr., Solicitor-General, R. I. Stephens,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Code § 74-9902 was repealed by the act of the General Assembly (Ga. L. 1946, pp. 63, 64), and was, by the same legislation re-enacted in terms as follows: "If any father or mother shall wilfully and voluntarily abandon his or her child leaving it in a dependent condition, he or she, as the case may be, shall be guilty of a misdemeanor. The wife and husband shall be competent witnesses, in such cases to testify for or against the other. A child thus abandoned by the father or mother shall be considered to be in a dependent condition when the father or mother charged

with the offense does not furnish sufficient food and clothing for the needs of the child. The offense of abandonment shall be and is hereby declared to be a continuing offense. Former acquittal or conviction of said offense shall not be a bar to further prosecution therefor under this section; if it shall be made to appear that said child was in a dependent condition as defined herein for a period of 30 days prior to the commencement of prosecution." See Code (Ann. Supp.), § 74-9902.

The legislative change thus wrought in the original Code § 74-9902 (Penal Code of 1910, § 116) by the act of 1946 above referred to, makes the section applicable to mothers as well as fathers and adds another provision as follows: "The offense of abandonment shall be and is hereby declared to be a continuing offense. Former acquittal and conviction of said offense shall not be a bar to further prosecution therefor under this section if it shall be made to appear that said child was in a dependent condition as defined herein for a period of 30 days prior to the commencement of the prosecution."

Before this change was made in the statute only fathers could be guilty of the offense of abandonment of their minor children, and where the father had already been convicted, he could not thereafter be convicted unless he had resumed the discharge of his parental duties to the child and thereafter again deserted it. See *Gay* v. *State,* 105 *Ga.* 599 (31 S. E. 569, 70 Am. St. R. 68). That part of the act of 1946, last herein quoted, was enacted for the purpose of correcting this evil. Under the act as it is presently constituted, a father or mother, although having previously been acquitted or convicted of the offense of abandonment of his or her minor child or children and although he or she has not since resumed the discharge of his or her parental obligation to it or them, he or she may nevertheless again be prosecuted for the abandonment of the same child or children, provided 30 days or more has elapsed since his or her previous trial, during at least a 30-day-period of which the child or children have been in a dependent condition. This 30-day-period does not apply to a prosecution in the first instance. Where the parent abandons the child or children leaving it or them in a dependent condition in the first instance such parent may be prosecuted immediately. This provision can not be construed to change the venue of the

offense as to the first prosecution. In that respect the statute must be construed in its present form the same as it was prior to the provisions added by the 1946 act. Where the father drives the mother and minor child ·or children away from home, or where they are forced to leave to be safe from his anticipated assaults of which they are justifiably apprehensive, under the law this constitutes desertion. See *Daniels* v. *State,* 8 *Ga. App.* 469 (2) (69 S. E. 588). Failure to furnish sufficient food and clothing for the needs of the children constitutes dependency or leaving the children in a dependent condition (see Ga. L. 1946, pp. 63, 64, Code, Ann. Supp., § 74-9902). The essential elements of the crime of abandonment of minor children are: Desertion, that is, wilful forsaking and desertion of duties of parenthood; and dependency, that is leaving children in a dependent condition. Both elements must be present to complete the offense. See *Cannon* v. *State,* 53 *Ga. App.* 264 (185 S. E. 364); *Brock* v. *State,* 54 *Ga. App.* 403 (187 S. E. 906). Although the evidence also would have authorized a different conclusion, yet the jury was authorized to find both of these elements present in the instant case, but in what county was the offense, if any, committed? The undisputed evidence in the instant case shows that when the children left home they went to an uncle in Wilkinson County and remained there from sometime in February until June 1947, and that during that time the father contributed nothing to their support. The venue of this offense of abandonment is in the county where the state of the children's dependency on others began on account of the father's failure to support them. See *Cannon* v. *State,* ·supra (page 267); *Rogers* v. *State,* 27 *Ga. App.* 180 (107 S. E. 889); *Cleveland* v. *State,* 7 *Ga. App.* 622 (67 S. E. 696).

According to the undisputed evidence in the instant case these children became dependent on their uncle in Wilkinson County after they left the home of their father; they remained dependent upon him from sometime in February until the 3rd or 4th day of June, 1947; that they then went to Laurens County and became dependent upon their aunt and remained dependent upon her from the date of their arrival at her home until the trial of their father in February, 1948.

It therefore necessarily follows that the venue of the instant

case is in Wilkinson and not in Laurens County. (See *Beasley* v. *State*, 54 *Ga. App.* 544, 188 S. E. 543, and citations.)

It is not necessary for us to decide where the venue would have been had the defendant already been tried in Wilkinson County, and thereafter the children have remained away from him in Laurens County in a dependent condition for a period of 30 days or more. The provision in the new act that "The offense of abandonment shall be and is hereby declared to be a continuing offense," gives to this act additional significance to that contemplated in *Abraham* v. *State,* 30 *Ga. App.* 658 (118 S. E. 761), *Cannon* v. *State,* supra, *Phelps* v. *State,* 10 *Ga. App.* 41 (72 S. E. 524), *Towns* v. *State,* 24 *Ga. App.* 265 (2) (100 S. E. 575), and *Lomax* v. *State,* 44 *Ga. App.* 500 (4) (162 S. E. 395), where the offense is held to be a continuing one, in that so long as the two essential elements of the crime continue to be present, the defendant can not plead the statute of limitations, although they had existed for more than two years prior to his prosecution. The foregoing quoted provision of the new act declaring the offense to be a continuing one carried with it also the significance that it continues after a prior adjudication in accordance with the provisions of the act relating thereto, which have hereinbefore been quoted and discussed, so that now where the essential elements of the crime are present, the defendant not only can not plead the statute of limitations but where previously tried and thereafter the essential elements of the offense maintain for a period of more than 30 days, the defendant also can not plead former jeopardy. This he could do prior to the enactment of the 1946 statute.

The judgment of the trial court overruling the motion for a new trial as amended is error.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*