### 33803. GLAD *v.* THE STATE.

Decided February 19, 1952.

*Pool, Pearce & Hall, William F. Lozier,* for plaintiff in error. *Paul Webb, Solicitor-General, John I. Kelley, Solicitor, C. O. Murphy, B. B. Zellars,* contra.

314

GARDNER, J. Code § 74-9902 provides: "If any father shall wilfully and voluntarily abandon his child, leaving it in a dependent condition, he shall be guilty of a misdemeanor." Therefore, to constitute abandonment and to render valid the defendant's conviction thereof, two material facts must appear: (1) that the father wilfully and voluntarily abandoned or deserted the child, and (2) that the child was left by reason thereof in a dependent condition. See *Blackwell* v. *State*, 48 *Ga. App.* 221 (172 S. E. 670). It has been held that, where the father deserted the children in a State other than Georgia and the mother thereafter brought the children into Georgia, where the defendant father also resided, and the children while here were in a dependent condition, such father could not be properly charged with and convicted of abandonment under Code § 74-9902, for the reason that the act of the father's desertion, and the dependency of his child must occur in this State. See *Jemmerson* v. *State*, 80 *Ga.* 111 (5 S. E. 131). It appeared from the record that the defendant father deserted his children in Connecticut, leaving them there and they became dependent; that he was later returned to that State for trial and was convicted therein of abandonment; that thereafter he came to Georgia, where he married again, changed his name, and became the father of two other children; that he sent $15 a week to his former wife for the support of the two children involved here; that he went to Florida, where he discovered that his former wife, her husband, and his two children were living in a trailer, and he brought the elder child, Patricia, back to Georgia with him, placing her in school and taking care of her; that he sent only $7.50 per week to the former wife for the boy's support; that later the other child came to Georgia and lived with him, and was supported by his father; and that thereafter these children became dissatisfied with living with their father and voluntarily left his home to live with their mother, who had separated from her second husband and followed the children to Atlanta, Georgia. Therefore, the evidence discloses that there was no concurrence of the two essential elements in this State, to wit, desertion and dependency, necessary to constitute abandonment under said Code section. Furthermore, the desertion took place in Connecticut, while the failure of the defendant to provide for the children, after they

left his home voluntarily, took place in Atlanta, Georgia. Again, it appears that there has been a previous conviction of the father for deserting his children. See *Gay* v. *State*, 105 *Ga.* 599 (31 S. E. 569); *Phelps* v. *State*, 10 *Ga. App.* 41 (72 S. E. 524); *Brock* v. *State*, 51 *Ga. App.* 414, 418 (180 S. E. 644); s. c. 54 *Ga. App.* 403 (187 S. E. 906).

Nothing ruled here is contrary to the holding in *Cannon* v. *State*, 53 *Ga. App.* 264, 266 (185 S. E. 364), that "The father must support his child whether it lives with him or with the mother," and similar cases. The question here presented was not for decision in such cases as *King* v. *State*, 12 *Ga. App.* 482 (77 S. E. 651) and *Ozburn* v. *State*, 79 *Ga. App.* 823 (54 S. E. 2d, 376).

The evidence here demands a finding that the father did not separate from these children in Georgia, but that they voluntarily left him. The evidence demanding a verdict for the defendant, it was error to deny the defendant's petition for certiorari.

It follows that none of the special assignments of error are necessary to be passed upon. The judgment of the superior court denying the petition for certiorari was contrary to law, and reversible error.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*