39091.   FAIRBANKS v. THE STATE.

DECIDED DECEMBER 5, 1961.

*Stafford R. Brooke,* for plaintiff in error.

*Earl B. Self, Solicitor-General,* contra.

FRANKUM, Judge.   *Code Ann.* § 74-9902 provides in part: "If any father or mother shall wilfully and voluntarily abandon

his or her child, either legitimate or illegitimate, leaving it in a dependent condition, he or she, as the case may be, shall be guilty of a misdemeanor."

"There are two elements in the offense of abandonment of child: (a) desertion, that is, the wilful forsaking and desertion of the duties of parenthood; (b) dependency, that is, leaving such child in a dependent condition. Both elements must be present to complete the offense." *Blackwell v. State,* 48 Ga. App. 221 (172 SE 670). To the same effect see *Funderburk v. State,* 91 Ga. App. 373 (85 SE2d 640); *Glad v. State,* 85 Ga. App. 312 (69 SE2d 699); *Bowling v. State,* 62 Ga. App. 540 (8 SE2d 697); *Brock v. State,* 54 Ga. App. 403 (187 SE 906); *Brock v. State,* 51 Ga. App. 414 (180 SE 644).

*Code Ann.* § 74-9902 further provides in part: "A child . . . abandoned by the father or mother shall be considered to be in a dependent condition when the father or mother charged with the offense does not furnish sufficient food and clothing for the needs of the child." See *York v. State,* 52 Ga. App. 11 (181 SE 870).

If a father wilfully forsakes his parental duties to support his minor child, regardless of whether the separation of the father from his child resulted from fault of the father or was brought about by actions of another person or persons unconnected with any action of the father, and his child becomes dependent upon persons other than the father, the crime of abandonment as against him is complete. See *Brown v. State,* 122 Ga. 568 (50 SE 378). Cf. *Glad v. State,* 85 Ga. App. 312, supra; *Funderburk v. State,* 91 Ga. App. 373, supra.

Decisions of this court clearly support the above conclusion. This court held in *Moore v. State,* 1 Ga. App. 502, 504 (57 SE 1016): ". . . [I]t is no defense, to a prosecution for abandonment of the child, that the mother has deserted the father, or even if she be guilty of the grossest immorality or unwifely conduct. The child is not responsible for, or to be abandoned because of, misconduct of the wife and mother." See also *Chandler v. State,* 38 Ga. App. 362 (144 SE 51).

*Parrish v. State,* 10 Ga. App. 836 (2) (74 SE 445), held: "The conduct of the child's mother, or her refusal to live with its father as her husband, is no defense to a prosecution for

abandonment of the child. The father must support his child, whether it lives with him or with the mother; and if he desires the custody of the child, he must pursue his remedy to obtain its custody." See also the cases cited therein, and *Cannon v. State,* 53 Ga. App. 264 (185 SE 364).

Anything said in *Beasley v. State,* 54 Ga. App. 544 (188 SE 543); *Bowling v. State,* 62 Ga. App. 540, supra; and *Carroll v. State,* 62 Ga. App. 539 (8 SE2d 693), which may appear to be in conflict with *Moore v. State,* 1 Ga. App. 502, supra, and *Cannon v. State,* 53 Ga. App. 264, supra, will not be followed as we are bound by the older decisions of this court.

"That a father begins to abandon his child some months before it is born, will not excuse him for persisting in the abandonment and failing to furnish it with the necessaries of life [after its birth]." *Bull v. State,* 80 Ga. 704, 705 (6 SE 178). See *Bailey v. State,* 214 Ga. 409 (105 SE2d 320); *Phelps v. State,* 10 Ga. App. 41 (72 SE 524); *Smith v. State,* 42 Ga. App. 419 (156 SE 308); *Campbell v. State,* 20 Ga. App. 190 (92 SE 951).

Where, as in this case, a wife, because of the failure of her husband, father of her unborn child, to properly support her and on account of his misconduct, was justified in leaving him, and after the birth of the child, the father wilfully failed to furnish it with the necessities of life, and the child became dependent upon persons other than the father, the offense of abandoning his minor child became complete, and the proof of such facts authorized his conviction. *Daniels v. State,* 8 Ga. App. 469 (69 SE 588).

The defendant contends that venue in this case was not in Catoosa County. The general grounds of a motion for a new trial raise the question of venue. *Parks v. State,* 212 Ga. 433 (93 SE2d 663).

In Georgia the venue of a prosecution for the offense of abandonment is in the county where the minor child first becomes dependent upon persons other than the parent for support. *Boyd v. State,* 18 Ga. App. 623 (89 SE 1091); *Rogers v. State,* 27 Ga. App. 180, supra; *Nelson v. State,* 77 Ga. App. 255 (48 SE2d 570). See 44 ALR2d 886. This is true regardless of where the abandonment (desertion) may have had its begin-

ning, because the crime is consummated at the place where the child becomes dependent upon persons other than the parent. See *Cleveland v. State,* 7 Ga. App. 622 (67 SE 696); *Nunn v. State,* 39 Ga. App. 643 (148 SE 165); *Sikes v. State,* 37 Ga. App. 164 (139 SE 87); *Bradley v. State,* 52 Ga. App. 203 (182 SE 821); *Garrett v. State,* 41 Ga. App. 545 (153 SE 628); *Bennefield v. State,* 80 Ga. 107 (4 SE 869).

This case is distinguishable upon its facts from *Jemmerson v. State,* 80 Ga. 111 (5 SE 131); *Turner v. State,* 56 Ga. App. 488 (193 SE 78); and *Weltzbarker v. State,* 89 Ga. App. 765 (81 SE2d 301). In each of these cases the facts therein show that the crime of abandonment was consummated at a place other than in the county where the prosecution was instituted. Cf. *Garrett v. State,* 41 Ga. App. 545, supra, and *York v. State,* 52 Ga. App. 11, supra. In *Glad v. State,* 85 Ga. App. 312, supra, and *Funderburk v. State,* 91 Ga. App. 373, supra, the evidence did not show that the father had deserted his children within the meaning of the abandonment statute.

The venue of the prosecution was properly laid in Catoosa County, Ga. The evidence amply supports the verdict of guilty, and the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*