EL PUEBLO, DEMANDANTE Y APELADO, *v.* CINTRÓN, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por infracción al artículo 263 del Código Penal.

No. 1213.—Resuelto en marzo 21, 1918.

ABANDONO DE MENORES—LEY No. 37 DE 1915.—El artículo 263 del Código Penal no ha sido derogado por la Ley No. 37 de 1915.

ID.—CONCEPTO DEL ABANDONO—HECHOS DELICTIVOS SEGÚN EL CÓDIGO PENAL.— El concepto de "abandono" de la ley número 37 de 1915 no es enteramente igual al del artículo 263 del Código Penal. Un niño a quien su padre abandona voluntariamente y sin excusa legal en el sentido de no atender a su sostenimiento material, pero que es retenido a su calor, dentro de su hogar, por los esfuerzos y sacrificios de la madre, no presenta el caso a que se refiere la ley número 37 y sin embargo está comprendido dentro de las prescripciones del artículo 263.

ID.—COMPETENCIA DE LOS TRIBUNALES.—El sitio donde están los hijos y no el lugar donde se encuentra el padre al tiempo o durante el período de la queja, fija la competencia para la persecución por el no sostenimiento de los hijos.

ID.—EL ADULTERIO POR PARTE DE LA MUJER NO EXCUSA AL PADRE DEL ABANDONO DE MENORES.—El hecho de que la mujer cometa adulterio, no es motivo para justificar el abandono de los hijos por parte del padre, pues su obligación es independiente del acto de la madre.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Enrique Campillo.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La acusación formulada por el fiscal en esta causa, en lo pertinente, dice así:

"El citado Juan Cintrón, siendo legalmente casado con María Román, con la que ha procreado tres hijos, llamados Vicenta, Luz y Amelia, de 12, 10 y 5 años de edad respectivamente, hace cerca de seis meses que, sin excusa legal, de una manera voluntaria e ilegal, ha dejado de proveerles del indispensable alimento y vestuario; cuyo hecho delictivo ha ocurrido dentro del Distrito Judicial de San Juan."

Alegó el acusado que no era culpable, y oída la prueba, la Corte de Distrito de San Juan, Sección 2ª., lo condenó a sufrir seis meses de cárcel y a pagar las costas. No con-

forme con la sentencia, interpuso contra ella el presente recurso de apelación.

1. En el acto de la vista del recurso alegó el apelante que el artículo 263 del Código Penal había sido implícitamente derogado por la ley No. 37 de 1915.

El artículo 263 forma parte del capítulo segundo, que se refiere al "abandono y descuido de menores," del título trece del Código Penal que trata de los "delitos contra la honestidad y moral públicas." Dicho artículo es como sigue: .

"Art. 263.—Todo padre o madre de un niño, que voluntariamente y sin excusa legal, dejare de cumplir cualquiera de las obligaciones que la ley le impone, de proveerle del indispensable alimento, vestuario o asistencia médica, incurrirá en *misdemeanor*."

La ley No. 37 de 1915, se decretó "para establecer un sistema de cortes para niños, proveer lo necesario para atender a niños abandonados y delincuentes, y disponer el procedimiento para la delincuencia infantil y para otros fines," y contiene una sección que dice:

"Sección 29.—Los padres o cualquier persona responsable del abandono de un niño o que hubiere contribuído al abandono, serán culpables de delito menos grave (*misdemeanor*), y castigados con multa que no exceda de cien dólares o prisión por un período máximo de treinta días o ambas penas.

"La imposibilidad de la persona responsable del abandono para el sostenimiento del niño, en cualquier momento en que fuere demostrada antes de la sentencia, constituirá una circunstancia eximente de dicha responsabilidad.

"La corte para niños tendrá jurisdicción exclusiva en todos estos casos por el procedimiento establecido para los delitos menos graves en las cortes municipales; pero si el hecho constituyese un delito grave, la corte lo notificará al fiscal del distrito, a los efectos que procedan con arreglo al Código de Enjuiciamiento Criminal."

Es indudable que ambas leyes, el Código Penal en su capítulo 2º. Título XIII, y la ley No. 37 de 1915, se refieren a la misma materia, pero también lo es que pueden subsistir independientemente.

El legislador en el Código Penal se limita a definir cier-

tos hechos constitutivos de delito y a fijar el castigo que debe imponerse a los culpables, y en la ley No. 37 crea y establece un sistema completo tratando de resolver un problema social digno en verdad de preferente atención.

Si estudiamos cuidadosamente las leyes a que nos venimos refiriendo, veremos que el concepto de "abandono" de la ley No. 37 no es enteramente igual al del artículo 263 del Código. Un niño a quien su padre abandona voluntariamente y sin excusa legal en el sentido de no atender a su sostenimiento material, pero que es retenido a su calor, dentro de su hogar, por los esfuerzos y sacrificios de la madre, no presenta el caso a que se refiere la ley No. 37 y sin embargo está comprendido dentro de las prescripciones del artículo 263.

2. Alega además el apelante que no se probó la jurisdicción de la Corte de Distrito de San Juan para conocer de esta causa. Ya hemos visto que en la acusación se alegó que el hecho delictivo ocurrió dentro del distrito judicial de San Juan. El acusado no pidió que se determinara más concretamente el sitio. Así comenzó la vista y en ella se demostró que María Román vivía con su marido, el acusado, en Cayey, y que salió de su casa con sus tres hijos porque el marido la maltrataba; que desde hacían cinco años más o menos había abandonado su hogar de Cayey, y desde hacían dos su marido no le pasaba nada; que vivía "en la calle del Cristo No. 12." En el acto de la vista no se atacó la jurisdicción de la corte.

Bajo tales circunstancias, no creemos que pueda prosperar la contención del acusado. (Véanse los casos de *El Pueblo* v. *París,* 25 D. P. R. 111 y *El Pueblo* v. *The Juncos Central Co.,* 24 D. P. R. 320). La del Cristo es una de las calles de la ciudad de San Juan y viviendo en ella los hijos que tenían derecho a ser sostenidos por el padre, fué dentro del distrito judicial de San Juan donde se consumó el delito.

"* * * el sitio donde estaban los hijos y no el lugar donde se encontraba el padre al tiempo o durante el período de la queja, fija la competencia para la persecución por el no sostenimiento de los hijos." 29 Cyc. 1678.

3. Sostiene por último el apelante que la sentencia es contraria a derecho. Acepta que la acusación imputa la comisión del delito previsto y castigado por el artículo 263 del Código Penal, pero alega que la prueba demuestra que el acusado mientras pudo y debió, sostuvo a sus hijos, y, por tanto, que no cometió delito alguno.

María Román, la esposa, aceptó que tenía cuatro hijos y que el último no era del acusado. Explica el hecho así: "que ella era una madre, con sus hijos, que estaba en casa de su hermana, que su hermana se vió atrasada de casa, no tenía con que pagar la casa, y ella (la dicente) verdaderamente sabía trabajar, pero los trabajos estaban malos, sus hijos estaban muertos de hambre, no tenía quien les diera un centavo, y ella estaba cansada de reclamarle y nada le daba, y creyendo hacerlo mejor cometió una falta, y lo que hizo fué cada vez empeorar más la situación, porque el otro hombre se embarcó y le dejó otro chiquito que tiene cinco meses, pero él ha sido el culpable."

El hecho de que la mujer cometiera adulterio, ¿puede ser motivo bastante para justificar el abandono de los hijos por parte del padre? En manera alguna. Su obligación es independiente del acto de la madre. Véanse los casos de *Bennefield* v. *State*, 80 Ga. 107, 4 S. E. 869, y *Moore* v. *State*, 1 Ga. App. 502, 57 S. E. 1016.

En cuanto al hecho de si el acusado se encontraba en condiciones de sostener a sus hijos, es bastante la prueba, a nuestro juicio.

María Román, la esposa, declaró que su marido era tabaquero, que tenía establecimiento en Cayey, y reses y fincas y casa. Que cuando se separó le mandaba quince pesos mensuales, luego diez; que los últimos cinco los recibió hacían dos 'años. Vicenta Cintrón, hija del acusado y de María Román, niña de 12 años que cursaba el séptimo grado en las escuelas, declaró que la mantenía su madre, que su padre "era militar, y ahora tiene tienda y estancia * * * que no le manda nada, que ella le escribió unas cartas pero no

le contestó, que ella le escribió mandándole a decir que le mandara algo, y él no le contestó.'' El acusado admitió que le enviaba quince pesos mensuales a su señora, pero dijo que ésta le contestaba con provocaciones diciéndole que esa cantidad no era suficiente para sostenerse. Dijo también que no tenía tienda, sino ''un ventorrillo donde ganaba los alimentos para mandarle a su familia.''

No se trata aquí de decidir si la cantidad enviada era o no suficiente con arreglo a los recursos del acusado y a las necesidades de sus hijos. Lo que se trata de averiguar es si el acusado voluntariamente y sin excusa legal dejó de cumplir con el deber de alimentar a sus hijos.

El mismo acusado, como hemos visto, reconoce que tiene un ventorrillo donde gana los alimentos para mandarle a su familia. Su declaración no es clara en cuanto al hecho de si continuó enviando el dinero después de recibir las protestas de su esposa. Pero aún interpretándola en el sentido de que continuó, su manifestación estaría en conflicto con las declaraciones de su esposa y de su hija. Y que el abandono fué largo y persistente, lo revelan con toda claridad las palabras de la hija.

Ahora bien, tomando en consideración todas las circunstancias que concurren en este caso, nos parece que la pena de seis meses de cárcel es demasiado severa. Diez días de privación de libertad constituirán a nuestro juicio un castigo suficiente. Si el acusado persiste en su actitud y se le acusa por segunda vez, entonces la corte estaría justificada en imponerle un castigo más fuerte.

Debe confirmarse la sentencia en cuanto declara culpable al acusado, pero modificarse en cuanto a la imposición de la pena en el sentido indicado.

> *Confirmada la sentencia apelada pero modificada en el sentido de que el acusado deberá sufrir diez días de cárcel.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf. Aldrey y Hutchison.