EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ MONERÓ, acusado y apelante.

Núm. 9413.—*Sometido:* Junio 18, 1942. *Resuelto:* Junio 22, 1942.

*F. Rodríguez Alverio,* abogado del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

José Moneró, convicto del delito de abandono de su hija Emma Rosa, de 18 años de edad, apela de la sentencia de seis meses de cárcel que le fué impuesta por la Corte de Distrito de San Juan, dejándola en suspenso mientras el acusado deposite en Secretaría $3 semanales para el sostenimiento de la menor.

■■ El primer señalamiento, en el cual se alega que "la sentencia es errónea por no ajustarse y ser contraria al estatuto de limitaciones", carece de méritos.

La prueba demostró que la menor Emma Rosa tiene 18 años de edad y que es hija legítima del acusado y de Narcisa Sánchez, la denunciante. El artículo 263 del Código Penal dispone que "todo padre o madre de un hijo legítimo, legitimado, natural o ilegítimo reconocido y adoptivo que voluntariamente y sin excusa legal dejare de cumplir cualesquiera de las obligaciones que la ley le impone, de proveerle del indispensable alimento, vestuario o asistencia médica, incurrirá en *misdemeanor;*".

La contención del apelante de que él no está obligado a proveer de alimentos, vestuario y asistencia médica a su hija, porque ésta tiene más de 16 años de edad, es insostenible. La sección 1 de la Ley Núm. 108 de 30 de abril de 1940 (pág. 673) en nada ayuda al apelante. Dicha sección, dispone:

"El padre en primer término y la madre después, están obligados a alimentar, vestir, sostener, educar y procurar albergue a sus *hijos ilegítimos, fueren o no reconocidos,* menores de dieciséis años de edad, de acuerdo con las necesidades de los menores y en relación con los medios de que puedan disponer los padres."

La obligación de alimentar y educar al hijo menor legítimo dura hasta que éste haya cumplido los veintiún años de edad. El padre o madre que deje de cumplir esa obligación para con el hijo legítimo menor de 21 años, infringe el artículo 263 del Código Penal.

■ Tampoco encontramos mérito alguno en la alegación de que la corte sentenciadora carecía de competencia para conocer del caso y sentenciar al acusado.

Según aparece del récord, en la fecha en que se radicó la denuncia, Narcisa Sánchez, la madre denunciante, y la menor residían en Santurce desde hacía diez meses. La denuncia fué radicada en San Juan el 18 de agosto de 1941. El juicio se celebró el 13 de enero de 1942. Y según la declaración de la denunciante, ella y su hija se fueron a vivir a Caguas unos quince días antes de la fecha del juicio. En el caso de *Pueblo* v. *Cintrón*, 26 D.P.R. 246,. se resolvió:

"El sitio donde están los hijos y no el lugar donde se encuentra el padre *al tiempo o durante el período de la queja* fija la competencia para la persecución por el no sostenimiento de los hijos." (Itálicas nuestras.)

■ El tercer señalamiento se refiere a la apreciación que de la prueba hizo el juez sentenciador. El conflicto entre las declaraciones de la madre y de la hija y las del acusado y su hija fué resuelto en contra del acusado. Siendo las primeras suficientes para sostener la acusación y no resultando del récord que la corte inferior actuara movida por pasión, prejuicio o parcialidad o que cometiera error manifiesto al apreciar la prueba, *procede confirmar la sentencia recurrida.*