El Pueblo de Puerto Rico. Rosa Merced, peticionaria y apelada, *v.* Fruto Ramos, querellado y apelante. El Pueblo de Puerto Rico. La Misma v. El Mismo.

Núms. 9726 y 9727.—*Sometidos:* Diciembre 18, 1942. *Resueltos:* Enero 27, 1943.

334

*Francisco González Fagundo,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Rosa Merced, como madre de la niña Nilda Merced, presentó una moción en la Corte para Niños del Distrito de Humacao el 6 de mayo de 1940, radicada como caso juvenil número 416, en la que alegó que dicha niña es hija de Fruto Ramos, quien la abandonó desde su nacimiento, y que esa conducta por parte de Ramos está privando a la niña del necesario cuidado paternal, no resultando su hogar por ese motivo un sitio enteramente adecuado para su vida y desarrollo. Termina con súplica de que se declare a Nilda Merced niña abandonada a todos los efectos legales.

El mismo día la querellante presentó en la citada corte otra querella redactada en forma de denuncia, radicada como caso juvenil número 417, en la que expuso que la niña tenía tres meses veintisiete días de edad, que su citado padre la mantenía en completo abandono y que dicho abandono era lesivo a la salud y mejor educación de la referida niña.

En el primer caso se dictó una resolución el 4 de junio de 1940, cuya parte dispositiva dice así:

"La Corte, por el resultado de la prueba practicada, declara a la niña Nilda Merced niña abandonada únicamente por su padre Fruto Ramos, a todos los efectos legales."

El segundo fué sometido por la prueba practicada en el número 416 y resuelto el 26 de junio de 1940 por sentencia que declaró al querellado Fruto Ramos incurso en responsabilidad penal por abandono de niños, y le impuso $25 de multa y en defecto de pago le condenó a cumplir un día de cárcel por cada dólar que dejare de satisfacer, dejando en suspenso la sentencia mientras el querellado le pasase a la menor, por conducto de su madre Rosa Merced, la suma de $2 semanales, concediendo al querellado un plazo de cinco días para prestar la correspondiente fianza a fin de garantizar el cumplimiento de la obligación impuéstale por la sentencia. Dispuso además que si el querellado dejare de cumplir con los términos de la fianza sería recluído en un establecimiento penal por el término señalado en la misma.

Ramos apeló de la resolución y de la sentencia para ante este Tribunal. Ambos recursos fueron consolidados en la vista que se celebró el 18 del mes pasado. Tanto en su informe oral como en el escrito, el Fiscal se manifestó en el sentido de que la resolución, lo mismo que la sentencia, debían ser revocadas porque se trataba de una niña ilegítima no reconocida y el padre en ninguno de los dos casos había aceptado la paternidad. Sostuvo el Fiscal que las cortes juveniles carecen de jurisdicción para resolver sobre la paternidad cuando ésta es controvertida. También sostuvo que cuando se dictaron la resolución y sentencia apeladas, ya había sido aprobada la Ley núm. 103 de 1940 (Leyes de 1940, pág. 673), aunque no estaba en vigor por no haber expirado el plazo de noventa días exigido por la ley para su vigencia, y que en similares circunstancias esta Corte, en el caso de *Pueblo* v. *Lamboy*, 59 D.P.R. 174, revocó la sentencia dic-

tada por la Corte de Distrito por no haberse celebrado la audiencia o comparecencia requerida por la citada ley a fin de que el acusado tuviera la oportunidad de aceptar o negar la paternidad.

En *Pueblo* v. *Lamboy,* supra, la situación no fué como equivocadamente la expone el Fiscal. En aquel caso la Ley núm. 108 de 1940, supra, estaba en vigor cuando se dictó por la Corte de Distrito la sentencia apelada de 25 de septiembre de 1940, pues habiendo sido aprobada la ley el 30 de abril de 1940 para regir a los noventa días *después* de su aprobación, descontando el primer día e incluyendo el último los noventa días expiraron a las doce de la noche del día 29 de julio y por consiguiente entró en vigor la ley el 30 de julio de 1940. Ello no obstante, convenimos en que procede la revocación de la resolución y de la sentencia apeladas, aunque por motivos distintos a los invocados por el Fiscal. A nuestro juicio la Ley núm. 108 de 1940 no derogó el artículo 29 de la Ley de Cortes para Niños, como no derogó esta última el artículo 263 del Código Penal. *Pueblo* v. *Cintrón,* 26 D.P.R. 246.

La Ley núm. 108 prescribe un procedimiento para los casos de infracción al artículo 263 del Código Penal, cuando se trata de un niño ilegítimo menor de dieciséis años abandonado por su padre o madre, y dispone que cuando el padre o madre admite la paternidad en la audiencia que deberá celebrarse en la Corte Municipal y dejare de cumplir sus obligaciones para con el menor, dicha Corte Municipal remitirá el caso a la Corte para Niños del distrito judicial de la residencia del menor y el juez de ésta ordenará, si es que existe causa probable, que por la persona querellante o por un oficial probatorio (*probation officer*) se presente ante dicha Corte para Niños la correspondiente denuncia por infracción al artículo 263 del Código Penal.

La sección 29 de la Ley de Cortes para Niños tiene un campo de acción distinto al regulado por el artículo 263 del

Código Penal. Éste se contrae a castigar a todo padre o madre de un menor que "voluntariamente y sin excusa legal, dejare de cumplir cualesquiera de las obligaciones que la ley le impone, de proveerle del indispensable alimento, vestuario o asistencia médica.....". Aquélla, la citada sección 29, tiene por objeto imponer una penalidad a los padres o cualquier persona responsable de o que hubiere contribuído al abandono de un niño. El niño a que se refiere este precepto es, desde luego, *el niño abandonado* dentro de la acepción especial que esa frase tiene en las secciones 27 y 28 de la citada ley. *El niño abandonado* a que se refiere la Ley de Cortes para Niños es aquél que no tiene hogar y vive independientemente de sus padres, sostenido por la caridad pública o privada, sin una persona que lo dirija. A este efecto se dijo en el citado caso de *Pueblo* v. *Cintrón,* supra, a la página 248:

"Si estudiamos cuidadosamente las leyes a que nos venimos refiriendo, veremos que el concepto de 'abandono' de la ley núm. 37 no es enteramente igual al del artículo 263 del Código. Un niño a quien su padre abandona voluntariamente y sin excusa legal en el sentido de no atender a su sostenimiento material, pero que es retenido a su calor, dentro de su hogar, por los esfuerzos y sacrificios de la madre, no presenta el caso a que se refiere la ley núm. 37 y sin embargo está comprendido dentro de las prescripciones del artículo 263."

La sección 29 de la ley antes citada confiere jurisdicción a las Cortes para Niños para juzgar y sentenciar a "los padres o cualquier persona responsable del abandono de un niño o que hubiere contribuído al abandono." Es un principio legal bien establecido que cuando en una constitución o en una ley se confiere un poder, el otorgamiento de esa facultad conlleva la concesión de los medios necesarios para hacer efectivo el poder conferido. De manera, pues, que en un proceso por infracción a la sección 29, si los padres negaren la paternidad, la Corte para Niños puede, como los tribunales ordinarios, determinar la paternidad, siendo de aplicación la jurisprudencia constante de este Tribunal sen-

338

tada en los casos de *Pueblo* v. *Rohena,* 52 D.P.R. 313; *Pueblo* v. *López,* 54 D.P.R. 294; *Pueblo* v. *Rotger,* 55 D.P.R. 139; *Pueblo* v. *Pérez,* 55 D.P.R. 677; *Rivera* v. *Cardona,* 56 D.P.R. 819, jurisprudencia que fué ratificada una vez más en el reciente caso de *El Pueblo de Puerto Rico* v. *Manuel Antonio Emanuelli,* criminal número 9636, resuelto por esta Corte el 23 de diciembre último (ante pág. 209).

■ La Ley núm. 108, lejos de restringir la jurisdicción de las Cortes para Niños, lo que hizo fué ampliarla, concediéndoles jurisdicción para conocer de infracciones al artículo 263 del Código Penal cuando concurran las circunstancias antes expresadas, es decir, cuando el padre o madre del hijo ilegítimo acepten la paternidad en la audiencia a ese efecto celebrada en la corte municipal y dejen de cumplir con la obligación impuéstale para con dicho menor.

Establecida esta premisa, la primera cuestión que debió determinarse en este caso es si las dos querellas que motivaron la resolución y la sentencia apeladas imputaban una infracción a la sección 29 de la Ley de Cortes para Niños. El abogado defensor del acusado entendió que ésa era la forma correcta de enfocar el problema y alegó en la corte inferior que éste no era un caso de niño abandonado, dentro del significado que esa frase tiene en la Ley de Cortes para Niños, sino un caso de abandono de menores comprendido en el artículo 263 del Código Penal, en el que el padre no había admitido la paternidad, y que por consiguiente eran los tribunales ordinarios y no la Corte para Niños los que podían conocer de los casos, invocando lo dicho por este Tribunal en el caso de *Pueblo* v. *Cintrón,* supra. ■ Empero, la corte sentenciadora resolvió que lo dicho en el citado caso por este Tribunal, transcrito anteriormente, era un mero *dictum* y no se sintió inclinado a seguirlo. Esa manifestación de este Tribunal era necesaria para resolver el punto en controversia, pues se había levantado la cuestión de que el artículo 263 del Código Penal había sido derogado por la citada sec-

ción 29 de la Ley de Cortes para Niños, y era preciso determinar si en efecto hubo tal derogación, y para resolverlo inteligentemente precisaba determinar el campo de acción de uno y otro precepto legal. Por consiguiente, no era un *obiter dictum,* y no siéndolo, su doctrina obligaba a la corte inferior.

Así las querellas como la prueba revelaron que la niña que se alegó hallarse abandonada tenía solamente tres meses y días de edad y vivía al cuidado de su madre, que la sostenía de acuerdo con sus medios de fortuna. Siendo ello así, tenemos que convenir con el apelante que no se trata en estos casos de una infracción a la Ley de Cortes para Niños y por consiguiente son los tribunales ordinarios y no dicha corte los que tienen jurisdicción para conocer de los mismos, a menos que celebrada la correspondiente audiencia en la corte municipal competente, el acusado acepte la paternidad y deje de cumplir sus obligaciones para con la menor.

*Por lo expuesto procede declarar con lugar el recurso y revocar la resolución de 4 de junio de 1940 y la sentencia del 26 del mismo mes y año, ambas apeladas, dictadas por la Corte para Niños del Distrito Judicial de Humacao, y absolver libremente al acusado.*

El Juez Asociado Señor Travieso no intervino.