EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Angelina Peña Alcantara<br><br>    Recurrida<br><br>            v.<br><br>Pedro A. Warren Ovensen<br><br>    Peticionario | Certiorari<br><br>2004 TSPR 136<br><br>162 DPR _____ |

Número del Caso: CC-2003-0728

Fecha: 19 de agosto de 2004

Tribunal de Circuito de Apelaciones:

                    Circuito Regional VII

Panel integrado por su presidente, el Juez Miranda de Hostos, la Juez Hernández Torres y el Juez Martínez Torres

Administración para el Sustento de Menores (ASUME):

                    Lcda. Wanda I. Monge Reyes
                    Procuradora Auxiliar
                    Lcda. Daris E. Román Morales

Abogado de la Parte Peticionaria:

                    Lcdo. Ricardo E. Carrillo Delgado
                    Lcda. Rebecca M. Rivera Castro

Abogado de la Parte Recurrida:

                    Lcdo. Juan M. Acevedo Ramírez

Materia: Ley 180 (LIUAP del 20 de diciembre de 1997)
        Alimentos Interestatales

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Angelina Peña Alcántara

    Recurrida

        v.                      CC-2003-0728     Certiorari

Pedro A. Warren Ovensen

    Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor CORRADA DEL RÍO

San Juan, Puerto Rico, a 19 de agosto de 2004.

Nos corresponde determinar si nuestra decisión en el caso de *Álvarez Elvira v. Arias Ferrer*, en el cual resolvimos la inaplicabilidad del procedimiento judicial expedito dispuesto por el Artículo 15 de la Ley Orgánica de la Administración para el Sustento de Menores, 8 L.P.R.A. § 514, a aquellos alimentantes que no residen en Puerto Rico, se extiende igualmente a una petición de alimentos incoada bajo el procedimiento administrativo expedito que faculta el Artículo 11 de la citada Ley, 8 L.P.R.A. § 510.

I

El 26 de diciembre de 1988, la señora Angelina Peña Alcántara (en adelante, "la recurrida" o "señora Peña Alcántara") dio a luz a su hijo, Pierre Ovensen Peña. Ella alega que éste es fruto de una relación que sostuviera con el aquí peticionario, el señor Pedro A. Warren Ovensen (en adelante, "el peticionario" o señor Warren Ovensen").

El 23 de julio de 1999, a instancias de la señora Peña Alcántara, la Administración para el Sustento de Menores (en adelante, "ASUME") inició un procedimiento al amparo de la Ley Interestatal Uniforme de Alimentos entre Parientes (en adelante, "LIUAP"),[1] 8 L.P.R.A. § 541 *et seq.*, con el propósito de que el peticionario le proveyera alimentos al joven Pierre Ovensen Peña. A esos efectos, la referida agencia remitió una querella interestatal al Departamento de Justicia de Islas Vírgenes, División de Paternidad y Sustento de Menores (en adelante, "División de Sustento de Menores de Islas Vírgenes"), ya que el peticionario es domiciliado de la

---

[1] La LIUAP, *supra*, adoptó para Puerto Rico las disposiciones de la "Ley Interestatal de Alimentos entre Parientes." Dicha Ley—conocida en inglés como "Uniform Interstate Family Support Act"—fue aprobada por el Congreso de Estados Unidos con el propósito de establecer uniformidad en la fijación y ejecución de obligaciones alimentarias entre personas que residen en diferentes estados, de modo que se protegiesen e hiciesen valer los derechos de los menores. *Véase Aponte v. Barbosa Dieppa*, 146 D.P.R. 558, 566 (1998). Mediante la aprobación de la LIUAP, *supra*, también se derogó la "Ley Uniforme de Reciprocidad para la Ejecución de Obligaciones sobre Alimentos."

Isla de Santa Cruz, Islas Vírgenes Estadounidenses. El 15 de agosto de 2000, el peticionario fue notificado de la solicitud realizada por la recurrida a favor de su hijo.

El 28 de septiembre de 2000, la División de Sustento de Menores de Islas Vírgenes celebró una vista administrativa, a la que acudió el peticionario. En esta audiencia, el señor Warren Ovensen solicitó que se le realizara al menor una prueba de A.D.N. para determinar fehacientemente su paternidad. El foro administrativo de Islas Vírgenes dictó una orden a esos efectos el 10 de octubre de 2000.

Mediante carta de 31 de octubre de 2000, ASUME le comunicó a la División de Sustento de Menores de Islas Vírgenes que la señora Peña Alcántara se oponía a que se realizara dicha prueba, ya que alegaba que su hijo fue reconocido por el peticionario, e inscrito a su nombre, en el Registro Demográfico de Puerto Rico. Para sustentar lo alegado, se presentó una copia del certificado de nacimiento del joven Pierre Ovensen Peña del cual, en efecto, surge que el peticionario aparece inscrito como padre del menor solicitante.[2] Conforme a ello, ASUME solicitó que se le otorgara entera fe y crédito a la determinación de paternidad hecha en Puerto Rico, y que se continuaran los procedimientos obviando la prueba de A.D.N. El peticionario, por su parte, alegó que el

---

[2] *Véase* Apéndice, a la pág. 30.

aludido reconocimiento no había sido voluntario, por lo que insistió en la prueba de paternidad.

Posteriormente, el 21 de marzo de 2002, ASUME le reiteró a su homólogo en Islas Vírgenes que la señora Peña Alcántara se negaba a realizar la prueba de A.D.N. debido al previo reconocimiento de paternidad por parte del señor Warren Ovensen.  ASUME también solicitó a dicha oficina que cerrara el caso ya que el mismo se iba a trabajar directamente desde Puerto Rico.[3]  Ante esto, la División de Sustento de Menores de Islas Vírgenes replicó que la prueba de A.D.N. fue ordenada por un tribunal y que no iba a cerrar el caso.[4]

Así las cosas, ASUME optó por desistir de su petición original y, en su lugar, presentó una solicitud de alimentos mediante el "One State Proceeding" que autoriza la LIUAP.  8 L.P.R.A. § 542.[5]  De conformidad, el 1 de

---

[3] *Id.*, a la pág. 40.

[4] *Id.*, a la pág. 42.

[5] Dicha sección dispone en su parte pertinente:

**§ 542. Fundamentos para adquirir jurisdicción sobre persona no residente**

En un procedimiento para fijar una pensión alimentaria, ejecutar o modificar una orden de pensión alimentaria o para establecer la filiación de un menor, el Tribunal de Puerto Rico adquirirá jurisdicción sobre la persona, el tutor o encargado no residente cuando:

(1) La persona es emplazada conforme establecen las Reglas de Procedimiento Civil para el Tribunal de Justicia de 1979;

continúa...

abril de 2002, ASUME se comunicó con el peticionario y le ordenó comparecer a las oficinas de dicha agencia el 19 de abril de 2002, para discutir su "obligación de proveer pensión alimentaria al/los menor(es): Pierre Ovensen Peña."[6] Es decir, tramitó la petición de alimentos a través del procedimiento administrativo expedito dispuesto en el Art. 11 de la Ley Orgánica de ASUME, 8 L.P.R.A. § 510 (en adelante, "Ley de ASUME"). Dicho artículo provee para que el Administrador de ASUME cite a

_____
...5 continuación

(2) la persona se somete voluntariamente a la jurisdicción, en forma expresa o tácita, al consentir o comparecer o al presentar una alegación respondiente que tenga el efecto de renunciar a la defensa de falta de jurisdicción sobre su persona;

(3) la persona residió en Puerto Rico con el menor;

(4) la persona residió en Puerto Rico y proveyó gastos prenatales o alimentos para el menor;

(5) el menor reside en Puerto Rico como resultado de actos o directrices de la persona;

(6) la persona sostuvo relaciones sexuales en Puerto Rico y el menor pudo haber sido concebido de esa relación sexual;

(7) la persona reconoció e inscribió al menor conforme dispone la ley, o

(8) existe cualquier otro fundamento consistente con la Constitución del Estado Libre Asociado de Puerto Rico y de los Estados Unidos para adquirir jurisdicción sobre la persona.

*Adviértase que el Art. 1 de la LIUAP, 8 L.P.R.A. § 541, define el término "tribunal" como "cualquier tribunal, corte, agencia administrativa o entidad cuasi judicial autorizada para establecer o modificar una orden de pensión alimentaria o para establecer filiación."*

[6] *Véase* Apéndice, a la pág. 43.

la parte a quien se dirige la reclamación alimentaria para que comparezca ante la referida agencia dentro de un término que no será menor de cinco (5) días, ni mayor de treinta (30) días.

El 19 de abril de 2002, el señor Warren Ovensen compareció a las oficinas de ASUME acompañado de su representación legal. En la reunión celebrada, el peticionario fue entrevistado por una oficial de la agencia, y durante el transcurso de dicho diálogo, éste levantó defensas a la intención de la oficial de fijar una pensión alimentaria. No obstante, la oficial de la ASUME procedió a fijarle al peticionario la obligación de satisfacer una pensión alimentaria mensual de $414.92, además de un pago de $124.48 para agotar una deuda retroactiva de $17,426.64.[7] No surge de autos que el peticionario hubiese alegado falta de jurisdicción de ASUME.

El 13 de septiembre de 2002, el peticionario presentó ante ASUME un formulario titulado "Objeción a la Notificación sobre Obligación de Proveer Alimentos." En esta comparecencia alegó que no existía razón para proveer alimentos; que la cantidad imputada como deuda era equivocada; y que no es la persona con la obligación de proveer alimentos porque no es el padre o el alimentante deudor. En esta ocasión, el peticionario tampoco alegó la falta de jurisdicción de ASUME.

---

[7] Esta notificación se efectuó el 20 de agosto de 2002.

Posteriormente, ASUME emitió una orden declarando al peticionario en rebeldía. La agencia fundamentó ese curso de acción en el hecho de que éste no había objetado la orden que estableció su obligación de proveer alimentos dentro del término de veinte (20) días requeridos por el proceso administrativo expedito.[8] A tenor de ello, el 18 de septiembre de 2002, el Administrador de ASUME dictó una orden estableciendo la obligación del señor Warren Ovensen de proveer alimentos al joven Pierre Ovensen Peña. El mandato del Administrador reiteraba lo establecido anteriormente por la oficial de dicha agencia, al disponer para el pago de una pensión de $414.92 mensuales, y de $124.48 adicionales para agotar la deuda de $17,841.50.

Mediante escrito de 2 de octubre de 2002, el peticionario presentó una solicitud de reconsideración ante el Administrador de ASUME. Argumentó que se opuso oportunamente a la notificación de proveer alimentos y que el Administrador estaba obligado a señalar la celebración de una vista informal para presentar evidencia. Asimismo, reprodujo las defensas en cuanto a la controversia en torno a la paternidad y la cuantía a pagarse. En esta oportunidad tampoco cuestionó la jurisdicción de la agencia.

---

[8] 8 L.P.R.A. § 510(b)(B), sobre *Procedimiento para objetar la notificación de alegación de filiación y la obligación de proveer alimentos.*

ASUME remitió el expediente del caso a la Oficina del Juez Administrativo, para que éste atendiera la moción de reconsideración presentada por el peticionario. Dicho funcionario,[9] mediante Orden de 15 de octubre de 2002, resolvió que la orden de pensión alimentaria dictada por el Administrador de ASUME fue nula e inexistente en derecho. Expresó que el señor Warren Ovensen siempre ha residido fuera de Puerto Rico, por lo que según lo resuelto en el caso de *Álvarez Elvira v. Arias Ferrer,* res. el 18 de marzo de 2002, 156 D.P.R. ____ (2002), 2002 T.S.P.R. 31, 2002 J.T.S. 37, se le violó el debido proceso de ley en el procedimiento seguido para fijarle la pensión alimentaria. En el citado caso, este Tribunal resolvió que el proceso expedito dispuesto en el Art. 15 de la Ley de ASUME, 8 L.P.R.A. § 514,[10] no le era aplicable a personas que no fuesen residentes de Puerto Rico, ya que los reducidos términos allí establecidos no permiten que la persona contra la cual se reclama pueda defenderse adecuadamente. Por tanto, el Juez Administrativo concluyó que, según esa jurisprudencia, ASUME no adquirió jurisdicción sobre la persona del peticionario.

Oportunamente, ASUME, en representación de la señora Peña Alcántara, presentó una moción de reconsideración

---

[9] La moción de reconsideración fue atendida por el Juez Administrativo Joseph E. Valentín.

[10] El referido Artículo detalla el procedimiento expedito a seguirse cuando la petición de alimentos se presenta en un tribunal de justicia.

ante el Juez Administrativo, quien la denegó el 2 de diciembre de 2002. Dicho funcionario reiteró que, de acuerdo a *Álvarez Elvira v. Arias Ferrer*, *supra*, el procedimiento administrativo ante ASUME no puede utilizarse cuando la parte promovida no reside en Puerto Rico.

Inconforme, la señora Peña Alcántara acudió mediante recurso de revisión al entonces Tribunal de Circuito de Apelaciones (en adelante, "TCA"). Adujo ante ese foro que el Juez Administrativo había errado al determinar que ASUME estaba impedida de utilizar el procedimiento expedito en este caso porque el peticionario no es residente de Puerto Rico.

Tras evaluar los argumentos de las partes, el TCA resolvió que bajo la Ley de ASUME, *supra*, interpretada en conjunto con la LIUAP, *supra*, se vislumbran dos procedimientos expeditos, uno judicial y otro administrativo, y concluyó que nuestro pronunciamiento en *Álvarez Elvira v. Arias Ferrer*, *supra*, se extiende al procedimiento expedito judicial, mas no así al procedimiento expedito administrativo.[11] Por tanto, como en el caso de marras el procedimiento se siguió ante el foro administrativo al amparo del Art. 11 de la Ley de ASUME, 8 L.P.R.A. § 510, el TCA estableció que la norma

---

[11] El TCA entendió que la compiladora de la colección Leyes de Puerto Rico Anotadas ("L.P.R.A.") cometió un error al llamar "Procedimiento Administrativo Expedito" a las secciones correspondientes al "proceso judicial" dispuesto por el Art. 13 y siguientes de la Ley de ASUME, 8 L.P.R.A. § 512 *et seq*.

de *Álvarez Elvira*, *supra*, no era aplicable. Asimismo, dicho foro resolvió que, de todos modos, el peticionario se había sometido tácitamente a la jurisdicción de la agencia, por lo que revocó la orden recurrida.

Inconforme con ese curso decisorio, el peticionario acudió ante nos y formuló los siguientes errores:

**A.** **Erró el Tribunal de Circuito de Apelaciones al acoger los argumentos de la parte peticionaria-recurrida y revocar la determinación emitida por el Juez Administrativo en la que reafirmó la inaplicabilidad del procedimiento administrativo expedito a casos en que el promovido resida fuera de Puerto Rico, conforme a lo establecido por este Honorable Tribunal Supremo en el caso de *Álvarez Elvira v. Arias Ferrer*, supra.**

**B.** **Erró el Tribunal de Circuito de Apelaciones al determinar que el peticionario-recurrente se sometió voluntariamente a la jurisdicción de ASUME, sin que se celebrara la correspondiente vista adjudicativa, al presentar alegaciones respondientes sin levantar la defensa de falta de jurisdicción.**

Mediante Resolución de 31 de octubre de 2003, expedimos el auto solicitado. Examinados los alegatos de las partes, resolvemos.

II

En nuestro ordenamiento, los casos relacionados con los alimentos de menores están revestidos de un alto interés público. *Arguello López v. Arguello García*, res. el 31 de agosto de 2001, 155 D.P.R.____ (2001), 2001 T.S.P.R. 124, 2001 J.T.S. 127. Más aún, este Tribunal ha reconocido que el derecho a reclamar alimentos constituye

parte del derecho a la vida protegido por la Constitución de Puerto Rico. *Véase* Const. E.L.A. Art. II, sección 7; *Figueroa Robledo v. Rivera Rosa*, 149 D.P.R. 565 (1999); *Rodríguez Avilés v. Rodríguez Beruff*, 117 D.P.R. 616, 621 (1986).

La Ley de ASUME, 8 L.P.R.A. § 501 *et seq.*, en conjunto con las disposiciones pertinentes del Código Civil, del Código Penal, y otras leyes especiales, constituyen en nuestra jurisdicción las fuentes de la obligación alimentaria. La primera, sin embargo, es la que establece los mecanismos procesales más ágiles— y por ende más utilizados— para gestionar el cumplimiento con dicho deber.[12]

Como bien concluyó el TCA, la Ley de ASUME, *supra*, instituye dos mecanismos para reclamar alimentos a favor de aquél que por derecho le correspondan. Primeramente, el Art. 11 de esa Ley, 8 L.P.R.A. § 510, establece el llamado "procedimiento administrativo expedito," el cual se inicia y desarrolla ante el foro administrativo de ASUME. El referido artículo reza, en lo pertinente, del siguiente modo:

---

[12] El objetivo central de la Ley de ASUME, *supra*, fue el agilizar e impregnarle la máxima rapidez a los procedimientos de fijación y modificación de pensiones alimentarias para beneficio de los alimentistas reclamantes. *Véase* Sarah Torres Peralta, <u>La Ley Especial de Sustento de Menores y el Derecho de Alimentos en Puerto Rico</u>, sección 4.3, Publicaciones STP (1997).

**§ 510. Procedimiento administrativo expedito**

...

(b) El procedimiento administrativo se llevará a cabo de la siguiente manera:[13]

(1) Cuando el Administrador o su representante autorizado reciba una solicitud de servicios, o cuando motu proprio genere una solicitud de servicios, inmediatamente deberá proceder a revisarla, estudiar las disposiciones legales pertinentes y completar la información necesaria para tramitar el caso con la que esté disponible en la Administración o haya que requerirle a otras agencias, entidades o personas.

(2) El Administrador le requerirá a la parte a la que está dirigida la reclamación o que pueda resultar afectada, por escrito o mediante comunicación constatable, notificándole, o por correo y si se desconoce su dirección mediante aviso público, *que comparezca dentro de un término razonable que no será menor de cinco (5) días ni mayor de treinta (30) días*. Hará un resumen de la petición y el derecho aplicable, apercibiendo a la parte de las consecuencias legales de la reclamación y que de no comparecer en el tiempo requerido se podrá dictar lo solicitado sin más citarle ni oírle; concediéndole una oportunidad razonable para defenderse y presentar su versión; requiriéndole que conteste las alegaciones...(énfasis suplido).

De otra parte, el Art. 15 de la Ley de ASUME, 8 L.P.R.A § 514, establece el "procedimiento judicial

---

[13] Nótese que el Art. 11 de la Ley de ASUME, *supra*, se refiere a que el proceso administrativo expedito allí establecido es "en adición a los remedios y a la acción judicial de alimentos" que los reclamantes puedan incoar de conformidad con lo dispuesto en el Código Civil, las Reglas de Procedimiento Civil y otras leyes aplicables."

expedito" para solicitar alimentos. Dicho artículo

establece en su parte pertinente:

**§ 514. Procedimiento administrativo expedito--Notificación de la acción[14]**

(1)(a) Al radicarse **en el tribunal** una petición o escrito sobre la obligación de prestar alimentos a menores, incluso aquéllas en que se reclamen alimentos para un o una cónyuge, ex cónyuge u otro pariente que tenga la custodia de los menores, y la parte promovida resida en el Estado Libre Asociado de Puerto Rico, el *secretario del tribunal procederá de inmediato a señalar la vista ante el Examinador para una fecha dentro de un plazo no menor de quince (15) días ni mayor de veinte (20) días*, contados desde la fecha de radicación de la petición y expedirá, no obstante lo establecido por las Reglas de Procedimiento Civil, Ap. III del Título 32, un documento de notificación personal y citación para vista, requiriendo a la parte promovida que muestre causa de por qué no debe dictarse una sentencia, resolución u orden según solicitado en la petición o escrito.

(b) La notificación-citación, junto con una copia de la petición, deberá ser diligenciada o notificada por la parte promovente con no menos de cinco (5) días de antelación a la fecha de la vista enviándola a la parte promovida, por correo certificado con acuse de recibo a su dirección, si ésta es conocida, estableciendo este conocimiento mediante declaración jurada al efecto; al momento de presentar la petición; o personalmente mediante el procedimiento utilizado para el diligenciamiento de emplazamientos. En los casos en que hayan transcurrido dos (2) años o más desde la última orden sobre pensión alimenticia, durante los cuales no se haya suscitado incidente judicial alguno entre las partes, se notificará la acción mediante el procedimiento utilizado para el diligenciamiento personal de emplazamientos. Cuando se desconozca la dirección del alimentante o éste no pueda ser localizado, se citará para vista mediante la publicación de un edicto en un periódico de

---

[14] *Véase* escolio 11, ante.

circulación general diaria en Puerto Rico (énfasis suplido).

En *Álvarez Elvira v. Arias Ferrer*, *supra*, resolvimos una controversia que se suscitó bajo el palio del mecanismo expedito dispuesto en el citado Artículo 15, *supra*. Concluimos en esa ocasión que dicho mecanismo no podía aplicársele a aquellos alimentantes que no residen en Puerto Rico, ya que los cortos términos que el estatuto establece no proveen una probabilidad razonable de notificación adecuada al obligado, por lo que éste no podía defenderse debidamente. *Id.*, a la pág. 8.

Ahora bien, el TCA interpretó en la sentencia recurrida que nuestra decisión en *Álvarez Elvira*, *supra*, se extiende únicamente al procedimiento judicial expedito. Entendió ese respetable foro que nuestro raciocinio en esa decisión estaba confinado a las particularidades del Art. 15 de la Ley de ASUME, *supra*, y como tal, inaplicable fuera de esa reducida esfera. Erró el TCA al así resolver.

Nuestra decisión en *Álvarez Elvira*, *supra*, declarando la inaplicabilidad del proceso descrito en el Art. 15 de la Ley de ASUME, *supra*, a los no residentes en Puerto Rico, no se fundamentó en el carácter judicial o administrativo del mismo, sino en su carácter expedito. ***Es decir, la razón fundamental para lograr el resultado allí alcanzado no fue la naturaleza del foro en que se presentó la reclamación, sino la naturaleza del proceso utilizado*, *cuyos términos cortos no proveen a un no***

***residente la oportunidad de presentar una defensa***
***adecuada.***

En los párrafos precedentes, pudimos observar que ambos procedimientos expeditos disponibles en la Ley de ASUME, *supra*, son relativamente similares. Específicamente, ambos procesos establecen unos términos bastante reducidos para dilucidar la obligación alimentaria. En *Álvarez Elvira*, *supra*, determinamos que el término de entre quince (15) a veinte (20) días que provee el Art. 15 de la Ley de ASUME, *supra*, no satisfacía las exigencias del debido proceso de ley en cuanto a la posibilidad de proporcionarle al alimentante una oportunidad adecuada para defenderse. Si atendemos los términos dispuestos por el Art. 11 de la misma Ley, *supra*, constatamos que éstos—entre cinco (5) a treinta (30) días—podrían ser incluso hasta más reducidos que los del procedimiento judicial expedito. Por tanto, resulta forzoso concluir que el término fijado por la Ley de ASUME para ambos procesos expeditos son inaplicables para personas que residen fuera de Puerto Rico.

En atención a ello, resolvemos que erró el TCA al no declarar la inaplicabilidad del proceso administrativo expedito a los no residentes en Puerto Rico. Ello, sin embargo, no dispone del caso ante nos. Resuelto esto, nos toca ahora determinar si, no obstante lo anterior, el peticionario señor Warren Ovensen, se sometió a la

jurisdicción de ASUME al presentar defensas sin cuestionar la jurisdicción de dicha agencia. Veamos.

### III

Para que los tribunales puedan actuar sobre la persona de un demandado, precisa que dicho foro tenga autoridad para así hacerlo; es decir, que adquiera jurisdicción sobre su persona. *Véase Perrón v. Corretjer*, 113 D.P.R. 593 (1982). En nuestro ordenamiento, dicha autoridad se adquiere mediante el emplazamiento, que es el procedimiento mediante el cual el tribunal hace efectiva su jurisdicción y le informa al demandado que existe una reclamación en su contra. *Álvarez Elvira v. Arias Ferrer*, *supra*, a la pág. 7; *First Bank of P.R. v. Inmobiliaria Nacional*, *Inc.*, 144 D.P.R. 901, 913 (1998). Para que sea efectivo, el emplazamiento deberá tener una posibilidad razonable de notificar e informar al reclamado sobre la acción presentada en su contra, de manera tal que pueda comparecer a defenderse si así lo desea. *Álvarez Elvira v. Arias Ferrer*, *supra*; *Pou v. American Motors Corp.*, 127 D.P.R. 810, 819 (1991).

En *Álvarez Elvira v. Arias Ferrer*, *supra*, a la pág.8, resolvimos que "el método expedito para emplazar provisto por el procedimiento en cuestión [el de la Ley de ASUME, *supra*] no cumple con el requisito" de notificar adecuadamente al demandado de la acción que se instó en su contra, razón por la cual entendimos que el legislador

limitó el mismo a aquellas situaciones en las cuales la parte promovida reside en Puerto Rico.

No obstante, hemos resuelto que el derecho a ser emplazado conforme a derecho es renunciable. *Qume Caribe, Inc. v. Secretario de Hacienda*, res. el 30 de marzo 2001, 153 D.P.R. ___ (2001), 2001 T.S.P.R. 38, 2001 J.T.S. 41. Una forma reconocida de efectuar tal renuncia es mediante la sumisión expresa o tácita del demandado. *Sterzinger v. Ramírez*, 116 D.P.R. 762, 768 (1985). De conformidad, aquella parte que comparece voluntariamente, y realiza algún acto sustancial que la constituya parte en el pleito, se somete a la jurisdicción del tribunal. *Qume Caribe, Inc. v. Secretario de Hacienda*, *supra*, a la pág. 3; *Márquez Resto v. Barreto,* 143 D.P.R. 128 (1997); *Mercado v. Panthers Military Society*, 125 D.P.R. 98 (1990). Este principio, aunque de raigambre procesal civil, aplica igualmente en la esfera administrativa. *Qume Caribe, Inc. v. Secretario de Hacienda*, *supra*, a la pág. 4.

Es decir, en un caso como el de autos, el demandado no domiciliado puede someterse a la jurisdicción del ente adjudicador si comparece ante éste y no plantea la falta de jurisdicción, pero presenta otro tipo de alegaciones. *Shuler v. Shuler*, res. el 19 de agosto de 2002, 157 D.P.R. ___(2002), 2002 T.S.P.R. 109, 2002 J.T.S. 115. De este modo, la comparecencia del demandado suple la omisión del emplazamiento y es suficiente para que el

tribunal asuma jurisdicción sobre su persona. *Álvarez Elvira v. Arias Ferrer*, supra; *Qume Caribe, Inc. v. Secretario de Hacienda*, supra; *Franco v. Corte*, 71 D.P.R. 686 (1950).

Asimismo, la LIUAP, *supra*— estatuto al amparo del cual ASUME llevó el proceso en cuestión— enumera las formas en que el ente adjudicativo pertinente (tribunal o agencia) puede adquirir jurisdicción sobre la persona de un alimentante no residente. Según dicha Ley, ASUME puede adquirir jurisdicción sobre un no residente de Puerto Rico cuando éste "se somete voluntariamente a la jurisdicción, en forma expresa o tácita, al consentir o comparecer o al presentar una alegación respondiente que tenga el efecto de renunciar a la defensa de falta de jurisdicción sobre su persona." 8 L.P.R.A. § 542(2).[15] ***Por tanto, al examinar la LIUAP, supra, en conjunto con la Ley de ASUME, supra, constatamos que una de las formas que nuestro estado de derecho reconoce para que ASUME adquiera jurisdicción sobre un alimentante no residente es mediante la sumisión expresa o tácita de éste.***

En el caso de marras, como expresamos en la sección anterior, el procedimiento expedito (administrativo o judicial) dispuesto en la Ley de ASUME, *supra*, no era aplicable contra el señor Warren Ovensen por tratarse de un alimentante no residente en Puerto Rico. Sin embargo, surge de autos que éste respondió en varias ocasiones a

---

[15] *Véase* escolio 5, ante.

las citaciones que le cursara ASUME— bajo el mecanismo dispuesto por el procedimiento administrativo expedito— sin levantar en momento alguno la falta de jurisdicción de dicha agencia sobre su persona, o alegar que la aplicación del proceso expedito en su contra violaba el debido proceso de ley.

Específicamente, tenemos que en la primera reunión a la cual fue citado—el 19 de abril de 2002—el propio señor Warren Ovensen admite que asistió acompañado de su abogado, y que al "no tener oportunidad de prepararse adecuadamente para fundamentar su posición con prueba sobre capacidad económica...*se vio obligado a limitarse a simple y llanamente levantar las defensas por las que entendía no le correspondía cumplir con tal obligación.*"[16] Sin embargo, no levantó la defensa de falta de jurisdicción. Surge del expediente que en por lo menos dos ocasiones posteriores (13 de septiembre de 2002 y 2 de octubre de 2002) el peticionario compareció nuevamente ante ASUME para rebatir los méritos del caso, no aduciendo en ninguna de esas oportunidades la falta de jurisdicción de la agencia.

En consecuencia, resolvemos que el señor Warren Ovensen se sometió a la jurisdicción de ASUME. El peticionario compareció a reuniones en las fechas pautadas, presentó escritos, realizó descubrimiento de prueba y presentó defensas ante la referida agencia sin

---

[16] *Véase* Apéndice, a las págs. 189-190 (énfasis suplido).

cuestionar la jurisdicción de ésta, todo ello mientras estuvo representado por un abogado.[17]  Es decir, al peticionario se le aplicó el proceso conforme lo dispone la ley, y según se le aplica a todo aquél alimentante sobre el cual la agencia adquiere jurisdicción.

En mérito de lo anterior, se modifica la Sentencia del Tribunal de Apelaciones en cuanto resuelve que el procedimiento administrativo expedito de la Ley de ASUME es aplicable a alimentantes que no residen en Puerto Rico.  Así modificada, se confirma el dictamen recurrido.

Se dictará Sentencia de conformidad.

BALTASAR CORRADA DEL RÍO
JUEZ ASOCIADO

---

[17] Cabe señalar que para la fecha de la primera reunión ante ASUME, el 19 de abril de 2002, ya este Tribunal había resuelto el caso de *Álvarez Elvira v. Arias Ferrer*, *supra*, el cual se notificó el 18 de marzo de 2002.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Angelina Peña Alcántara

    Recurrida

       v.                          CC-2003-0728    Certiorari

Pedro A. Warren Ovensen

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 19 de agosto de 2004.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se modifica la Sentencia del Tribunal de Apelaciones en cuanto resuelve que el procedimiento administrativo expedito de la Ley de ASUME es aplicable a alimentantes que no residen en Puerto Rico. Así modificada, se confirma el dictamen recurrido.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre con el resultado con opinión escrita.

Patricia Otón Olvieri
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Angelina Peña Alcántara

    Recurrida


      vs.                     CC-2003-728    Certiorari


Pedro A. Warren Ovensen

    Peticionario


Opinión Concurrente emitida por el Juez Asociado señor FUSTER BERLINGERI.

San Juan, Puerto Rico, a 19 de agosto de 2004.

Estoy de acuerdo con el resultado a que llega la mayoría en el acápite III de la opinión del Tribunal. Coincido en que el peticionario se sometió a la jurisdicción de ASUME y por lo tanto, estaba obligado por la orden de dicha agencia fijándole al peticionario una pensión alimentaria.

Con lo que no estoy de acuerdo es con lo expresado en el acápite II de la opinión, que resulta ser pura *dicta*. Es decir, el pronunciamiento normativo sobre el alcance del procedimiento administrativo expedito del Art. 11 de la Ley de ASUME no sólo no es de ningún modo necesario para resolver la controversia de autos, sino que, además,

no tiene consecuencia o efecto alguno con respecto al resultado de este caso. Se trata, pues de una mera opinión **consultiva** de la mayoría del Tribunal, que nos está vedada por una larga tradición judicial que existe desde hace más de trescientos años. Véase, Hayburn´s Case, 2 Dall. 409 (1792). Véase, además, Cohens v. Virginia, 6 Wheat. 264, 399 (1821); Muskrat v. U.S., 219 US 350 (1911). Esa tradición forma parte de nuestra propia jurisprudencia desde hace más de medio siglo. Pueblo v. Ramos, 61 D.P.R. 333, 338-339 (1943); Comisión de Asuntos de la Mujer v. Srio. de Justicia, 109 D.P.R. 715 (1980). No ha debido ser abandonado aquí por una mayoría del Tribunal.

Tengo serias reservas con el aludido proceder de la mayoría del Tribunal no sólo por el fundamento expresado antes, sino otra razón también. La mayoría aquí basa su *dicta* sobre la inaplicabilidad del procedimiento administrativo expedito de ASUME a los no residentes, en lo resuelto antes por este Foro sobre la inaplicabilidad a ellos del procedimiento judicial expedito de ASUME. Resulta, sin embargo, que el Art. 15 de la Ley de ASUME, que establece el procedimiento judicial expedito, expresamente consigna su aplicabilidad sólo cuando "la parte promovida **resida** en el Estado Libre Asociado de Puerto Rico..." 8 L.P.R.A. sec. 514, cosa que **no está dispuesta** en el Art. 11 de Ley de ASUME, que trata sobre el procedimiento administrativo expedito, 8 L.P.R.A. sec. 510. La mayoría del Tribunal no discute esta clara diferencia entre una disposición estatutaria y la otra;

ni siquiera la menciona. La mayoría del Tribunal, pues, decreta la misma exigencia de residencia para la aplicabilidad de ambos procedimientos aunque de su claro texto literal, la Ley de ASUME lo requiere para uno —el más formal y tradicional, que es el judicial— pero no lo requiere para el otro.

La mayoría no examina este asunto de modo alguno en su prisa por equiparar los dos procedimientos, a pesar de que ello no era de ningún modo necesario para confirmar el dictamen del foro apelativo en cuanto al resultado del caso.

Es por todo ello que no puedo extender un voto de conformidad a la ponencia mayoritaria.


                              JAIME B. FUSTER BERLINGERI
                                    JUEZ ASOCIADO